[No. B190711. Second Dist., Div. One. May 30, 2007.]

ETERNITY INVESTMENTS, INC., Plaintiff and Respondent, v.
MICHAEL BROWN et al., Defendants and Appellants.

**COUNSEL**

Joseph Ribakoff for Defendants and Appellants.

Rehwald Glasner & Chaleff and William Rehwald for Plaintiff and Respondent.

**OPINION**

**MALLANO, Acting P. J.**—Under the California Arbitration Act (CAA) (Code Civ. Proc., §§ 1280–1294.2), a petition or response seeking to *correct* or *vacate* an arbitration award must be brought in the superior court within 100 days after service of a signed copy of the award (*id.,* § 1288), while a petition to *confirm* the award may be brought within four years after service (*ibid.*). (Section references are to the Code of Civil Procedure unless otherwise indicated.)

Here, the arbitrator issued an award in favor of plaintiff. Defendants did not file a petition or response in the trial court to correct or vacate the award within the 100-day period. (See §§ 1285–1286.8.) Three weeks after the period expired, plaintiff filed a petition to confirm the award. In their response, defendants challenged the award as invalid. The trial court entered judgment confirming the award.

We conclude that, because defendants did not bring a timely petition or response to correct or vacate the award, the trial court had no choice but to disregard defendants' challenge and "confirm the award as made." (§ 1286.) We therefore affirm.

## I

## BACKGROUND

The following allegations and facts are taken from the complaint and the evidence submitted on the motion to confirm the arbitration award.

On July 19, 2005, Eternity Investments, Inc. (Eternity), filed this action against Michael and Amy Brown, seeking damages and the enforcement of a mechanic's lien. On August 5, 2004, the parties had entered into a "Home Improvement Contract" under which Eternity, a construction company, was to remodel the Browns' kitchen. The contract contained an arbitration provision stating that all disputes would be subject to binding arbitration before the American Arbitration Association (AAA). The complaint alleged that Eternity had fully performed its obligations and that the Browns still owed $49,745. Eternity had previously filed a mechanic's lien in that amount with the county recorder. The complaint sought $49,745 in damages and foreclosure on the lien. The action was basically dormant for a few months.

On February 11, 2005, the Browns filed a demand for arbitration with the AAA, seeking $30,000 from Eternity. Eternity filed an answering statement and a counterclaim for $49,750. An arbitrator was assigned to the case, and the matter was heard in June 2005. On August 26, 2005, the arbitrator rendered an award in Eternity's favor in the sum of $36,575. On September 7, 2005, the AAA served a copy of the signed award on the parties by mail and facsimile.

On January 6, 2006, Eternity filed a petition in the trial court to confirm the award. Eternity asserted that "[t]he Browns have not filed a petition to vacate or correct the award, and more than 100 days has elapsed since the service of the award. . . . [¶] . . . [¶] Thus, the Browns' right to challenge the award by a petition to vacate is gone, and the court must rule for Eternity by confirming the award." (Capitalization omitted.)

On February 8, 2006, the Browns filed opposition papers and a petition of their own, seeking to vacate the arbitration award. They argued primarily that the arbitrator had exceeded his authority by awarding compensation to an unlicensed contractor. (See Bus. & Prof. Code, § 7031, subds. (a), (e) [unlicensed contractor may not recover compensation in an action absent substantial compliance with licensing requirements].) That is a ground for vacating an award. (See § 1286.2, subd. (a)(4); *Lindenstadt v. Staff Builders, Inc.* (1997) 55 Cal.App.4th 882, 889–893 [64 Cal.Rptr.2d 484], discussing *Loving & Evans v. Blick* (1949) 33 Cal.2d 603, 605, 609–615 [204 P.2d 23], and *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 31–32 [10. Cal.Rptr.2d 183, 832 P.2d 899]; see also *National Union Fire Ins. Co. v. Stites Prof. Law Corp.* (1991) 235 Cal.App.3d 1718, 1723–1726 [1 Cal.Rptr.2d 570] [arbitrators' lack of jurisdiction over dispute is ground for vacating award].) The Browns also faulted Eternity for not producing adequate proof of licensure during the arbitration hearing. (See Bus. & Prof. Code, § 7031, subd. (d) [when issue of licensure is controverted, contractor has burden of producing verified certificate of licensure from Contractors' State License Board].) Similarly, the Browns argued that the arbitrator had improperly precluded them from introducing material evidence. (See § 1286.2, subd. (a)(5) [award shall be vacated if party's rights were substantially prejudiced by arbitrator's refusal to hear evidence material to the controversy].) Finally, they asserted that the arbitrator did not adequately explain his decision in writing. (See § 1283.4.) This, too, may have provided grounds for correcting or vacating the award. (See §§ 1286.6, subd. (c), 1286.2, subd. (a)(5).)

On February 22, 2006, the trial court heard the matter, granted Eternity's petition to confirm the award, implicitly denied defendants' petition to vacate, and entered judgment confirming the award, entitling Eternity to $36,575 in damages and permitting it to foreclose on the mechanic's lien. The Browns filed an appeal.

## II

## DISCUSSION

"We review issues of statutory interpretation de novo. . . . The primary purpose of statutory construction is to ascertain the Legislature's intent. . . . We first consider the statutory language, 'being careful to give the statute's words their plain, commonsense meaning.' . . . 'If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary.'" (*California School Employees Assn., Tustin Chapter No. 450 v. Tustin Unified School Dist.* (2007) 148 Cal.App.4th 510, 517 [55 Cal.Rptr.3d 739], citations omitted.) Further, "[w]e are not bound by the trial court's stated reasons for its ruling . . . as we only review the ruling and not its rationale." (*Rinehart v. Boys & Girls Club of Chula Vista* (2005) 133 Cal.App.4th 419, 429 [34 Cal.Rptr.3d 677].)

■ An arbitration award that has not been vacated or confirmed "has the same force and effect as a contract in writing between the parties to the arbitration." (§ 1287.6.) If an award is confirmed, judgment shall be entered thereon, and the judgment is to be treated in all respects like a judgment in "a civil action of the same jurisdictional classification." (§ 1287.4.)

■ Under the CAA, a trial court is limited in its review of an award. The pleadings in a proceeding under the CAA consist of a "petition" and a "response thereto." (§ 1290.) The court may, on *petition* by a party to the arbitration, either confirm, correct, *or* vacate the award. (§ 1285.) "A *response* to a petition . . . may request the court to dismiss the petition or to confirm, correct *or* vacate the award." (§ 1285.2, italics added.) The CAA sets forth narrow grounds for *correcting* and *vacating* an award. (§§ 1286.6, 1286.2, subd. (a)(1)–(6).)[1] *Dismissal* of a petition is appropriate if the person named as the respondent is not bound by the award and was not a party to the arbitration. (§ 1287.2.)

---

[1] An award may be *corrected* if: (1) there is an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property; (2) the arbitrators exceeded their powers, but the award may be corrected without affecting the merits of the decision; or (3) the award is imperfect in form, not affecting the merits of the controversy. (§ 1286.6.) An award may be *vacated* if: (1) it was procured by corruption, fraud, or other undue means; (2) any arbitrator was corrupt; (3) a neutral arbitrator engaged in prejudicial misconduct; (4) the arbitrators exceeded their powers, and the award cannot be corrected without affecting the merits of the decision; (5) a party was prejudiced by the arbitrators' refusal to postpone the hearing after a showing of sufficient cause therefor or by their refusal to hear material evidence; or (6) the arbitrators violated applicable rules regarding disqualification. (§ 1286.2, subd. (a)(1)–(6).)

■ The grounds for *confirming* an award are not similarly detailed. Rather, confirmation of an award is the mandatory outcome *absent* the correction or vacatur of the award or the dismissal of the petition: "If a petition or response . . . is duly served and filed, the court shall *confirm the award as made . . .* unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding." (§ 1286, italics added.) A petition to confirm need only set forth (1) the names of the arbitrators, (2) the arbitration agreement (by description or attached copy), and (3) the award and written opinion of the arbitrators (by description or attached copy). (§ 1285.4.)

■ "A *petition* to *confirm* an award shall be served and filed not later than four years after the date of service of a signed copy of the award on the petitioner. A *petition* to *vacate* an award *or* to *correct* an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner." (§ 1288, italics added.) "A *response* requesting that an award be *vacated* or that an award be *corrected* shall be served and filed not later than 100 days after the date of service of a signed copy of the award upon: [¶] (a) The respondent if he was a party to the arbitration; or [¶] (b) The respondent's representative if the respondent was not a party to the arbitration." (§ 1288.2, italics added.) In addition, a *response* must be served and filed within 10 days after service of the petition in California; 30 days is permitted if the petition is served outside the state. (§§ 1290.6, 1290.4.)

■ " '[I]f one wishes to have an award vacated or corrected he must act within one-hundred days of service of the award or be precluded from attacking the award.' " (*Coordinated Construction, Inc. v. Canoga Big "A," Inc.* (1965) 238 Cal.App.2d 313, 318 [47 Cal.Rptr. 749].) "If [the party who lost in the arbitration does] not serve and file a petition to vacate or a response to [a] petition to confirm within the 100-day period from the date of service of the award . . . , the award must be treated as final." (*Klubnikin v. California Fair Plan Assn.* (1978) 84 Cal.App.3d 393, 398 [148 Cal.Rptr. 563].) As stated by division two of this district: "[A]ppellants chose not to file a petition to vacate the arbitration award (see § 1288), and they do not contest that their response, which did seek to vacate the award, was time barred by [the 100-day deadline]. Failure to file a timely response prevents a party from vacating an award . . . ." (*United Firefighters of Los Angeles v. City of Los Angeles* (1991) 231 Cal.App.3d 1576, 1581 [283 Cal.Rptr. 8], fns. omitted.) And, according to a leading treatise: "If you represent the winning party in the arbitration, *wait until after* the 100-day period before

petitioning to confirm the award. Unless the losing party files in the interim, the delay may cut off any challenge to the award!" (Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 2006) ¶ 5:511, p. 5-347.)

The CAA's deadlines for challenging and confirming arbitration awards serve important goals. A challenge to an award—to correct or vacate it—typically requires the trial court to make factual determinations. (See *Lindenstadt v. Staff Builders, Inc., supra,* 55 Cal.App.4th at pp. 889–893 & fns. 7, 8; § 1291.) Consequently, a challenge must be made soon after the award is served—within 100 days—while the evidence is fresh and witnesses are available. But absent a challenge, there may be no need for judicial intervention. The award is treated as a contract (§ 1287.6), and the prevailing party has a substantially longer period—up to four years (similar to the four-year statute of limitations for breach of contract (§ 337, subd. 1))—to obtain satisfaction of the award before resorting to the courts. In the event of satisfaction, judicial relief will not be necessary, conserving court resources. If, however, the award is not satisfied, the prevailing party may convert it into an enforceable judgment by way of a petition to confirm. (§§ 1287.4, 1288.) And confirmation will be a simple process absent a prompt, timely challenge to the award.

█ Here, the Browns did not serve or file a *petition* or *response* to correct or vacate the award before the 100-day period expired. Eternity filed a petition to confirm 121 days after service of the award. At that point, it was too late for the Browns to seek correction or vacatur. And they did not request dismissal of the petition. Under the plain language of the CAA, the trial court had no alternative but to "confirm the award as made" notwithstanding the Browns' argument that the award was invalid. In short, the trial court was required to confirm the award absent correction or vacatur, and the deadline to correct or vacate the award had passed.

Of course, a party with a reasonable excuse for failing to comply with the 100-day time limit may obtain relief in a trial court under section 473, subdivision (b). (See Knight et al., Cal. Practice Guide: Alternative Dispute Resolution, *supra,* ¶ 5:510, p. 5-346.) Further, a trial court may exercise its equitable power to grant relief if the deadline expires due to extrinsic mistake or fraud. (*Id.,* ¶ 5:510.1, pp. 5-346 to 5-347.) And where a trial court has granted a petition to *compel* arbitration over a party's objection that the dispute is not arbitrable, the issue of arbitrability may be raised on appeal from the judgment confirming the award even if the appellant did not petition the trial court to vacate the award. (See *United Firefighters of Los Angeles v. City of Los Angeles, supra,* 231 Cal.App.3d at pp. 1578–1582.) But none of those exceptions applies here. The trial court therefore acted properly in confirming the arbitration award.

The Browns' reliance on *National Union Fire Ins. Co. v. Stites Prof. Law Corp.*, *supra*, 235 Cal.App.3d 1718, is misplaced. There, the court stated that, even though the arbitrators had concluded they had "subject matter" jurisdiction over the dispute, the trial court could vacate the award on the ground that the arbitrators had exceeded their authority by deciding the matter. (*Id.* at pp. 1723–1725, applying § 1286.2, subd. (a)(4), former subd. (d).) Nothing in *National Union* suggests that a ground for vacating an award can be raised after the 100-day period has expired. Indeed, the court noted that the parties had *followed* the procedures set forth in the CAA. (*National Union*, at p. 1723, fn. 2.) In addition, *National Union*'s reference to "subject matter" jurisdiction was something of a misnomer. That term is used with respect to courts of law: Parties cannot confer subject matter jurisdiction on a *court* by consent, waiver, or estoppel. (See *Glassman v. McNab* (2003) 112 Cal.App.4th 1593, 1601 [6 Cal.Rptr.3d 293], criticizing *National Union*.) But "the general statutory provisions governing arbitration permit parties to confer subject matter jurisdiction on arbitrators over an issue by agreement." (*Glassman*, at p. 1601.) Thus, to avoid confusion, it may be more appropriate to refer to the "arbitrability" of a dispute rather than the arbitrators' "subject matter" jurisdiction. (See, e.g., *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 433 [58 Cal.Rptr.2d 875, 926 P.2d 1061]; *Malek v. Blue Cross of California* (2004) 121 Cal.App.4th 44, 58 & fn. 8 [16 Cal.Rptr.3d 687]; *Merrick v. Writers Guild of America, West, Inc.* (1982) 130 Cal.App.3d 212, 218 [181 Cal.Rptr. 530].)

Finally, we deny Eternity's motion seeking sanctions for a frivolous appeal. (See § 907; Cal. Rules of Court, rule 8.276(e).) Eternity argues that the appeal is frivolous because (1) an arbitration award is not reviewable for legal error, (2) the Browns raised the licensing issue in the arbitration, and (3) the arbitrator resolved that issue against them. But judicial review in these circumstances is not subject to the traditional rules governing arbitration awards. (See *Lindenstadt v. Staff Builders, Inc.*, *supra*, 55 Cal.App.4th at pp. 889–893 [in ruling on a timely petition to vacate award, trial court reviews arbitrator's decision and evidence de novo to determine legality of compensation under licensing scheme]; see also *National Union Fire Ins. Co. v. Stites Prof. Law Corp.*, *supra*, 235 Cal.App.3d at pp. 1724–1725 [trial court is not bound by arbitrators' determination that they had jurisdiction over dispute where statute (Bus. & Prof. Code, § 6200 et seq.) precluded arbitration].) And the basis on which we have affirmed the trial court—a procedural technicality of sorts—was not one of the principal arguments in Eternity's brief. Sanctions are therefore inappropriate. (See *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649–650 [183 Cal.Rptr. 508, 646 P.2d 179].)

## III

### DISPOSITION

The judgment is affirmed.

Vogel, J., and Jackson, J.,* concurred.

On June 20, 2007, the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied August 29, 2007, S154297.

---

*Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.