Filed 5/31/22  Berges v. Maniscalco CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TAMARA BERGES,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JAMES MANISCALCO et al.,<br><br>    Defendants and Respondents. | B310521<br><br>(Los Angeles County Super. Ct. No. 19SMCP00388) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Young, Judge.  Affirmed.

Law Offices of Kirk M. Hallam and Kirk M. Hallam for Plaintiff and Appellant.

Towle Denison & Maniscalco and James P. Maniscalco for Defendants and Respondents.

Tamara Berges (Berges) appeals from a judgment confirming an arbitrator's award of attorney fees and costs to James and Susan Maniscalco (the Maniscalcos). They were prevailing parties in an arbitration resolving a dispute over the sale of a condominium. We consider (1) whether Berges's claim that the arbitrator acted beyond his authority was ever appropriately raised below, and (2) whether the trial court erred when it found the arbitrator properly served the award on the parties' attorneys instead of on the parties themselves.

## I. BACKGROUND

In 2017, the Maniscalcos sold their Santa Monica condominium to Berges. The purchase and sale agreement provided that any dispute between the parties would be settled by binding arbitration. The agreement also provided that the prevailing party in any such arbitration would be entitled to reasonable attorney fees and costs.

A year after the sale, Berges, represented by counsel, made a demand for arbitration. She claimed the Maniscalcos failed to disclose a material defect in the condominium, specifically, a leaky bathtub.[1] She sought $20,000 in repair costs and $25,000 in legal fees and costs and elected to have the arbitration governed by the Code of Civil Procedure.

---

[1] In the one-page summary accompanying her demand, Berges did not characterize her claim as one for breach of contract or fraudulent misrepresentation.

2

## A. *The Arbitration Award*

After Berges failed to respond or serve any objections to various written discovery requests, including requests for admissions, the Maniscalcos (also represented by counsel) moved for evidentiary sanctions and summary judgment. The arbitrator ruled Berges could not present testimony or documents on any subject matter addressed in the written discovery requests to which she failed to respond and deemed the requests for admissions propounded on her admitted.

Before the Maniscalcos' motion for summary judgment was fully briefed and heard, Berges dismissed her arbitration demand with prejudice. Pursuant to the parties' agreement and Berges's dismissal, the Maniscalcos moved for an award of attorney fees and costs. The arbitrator found the Maniscalcos were the prevailing parties and awarded $34,028.09 in fees and costs to them. On May 8, 2019, the arbitrator served a signed copy of the arbitral award on the parties' attorneys by certified and electronic mail.

## B. *The Trial Court Denies a Petition to Vacate the Arbitration Award and Confirms the Award*

Several months later, in August 2019, Berges petitioned the trial court to vacate the arbitration award. She maintained the award was infirm because the arbitrator exceeded his authority by limiting her ability to present evidence at the arbitration hearing, by deeming the requests for admission posed by the Maniscalcos admitted, and by awarding the Maniscalcos attorney fees and costs. The petition was supported by a declaration from the attorney who had represented Berges in the arbitration, and attached to the attorney's declaration were 16

3

documents from the arbitration. Berges purported to serve the petition by having a delivery person leave a copy at the offices of the law firm that represented the Maniscalcos in the arbitration.

The Maniscalcos, now representing themselves, moved to quash service of Berges's petition, arguing in the main that service was defective because they were not personally served with the petition and the purported substituted service, even if effective, was untimely because it was accomplished more than 100 days after the award was served on the parties.

Separately, the Maniscalcos also petitioned the trial court to confirm the arbitration award. They supported their form petition with copies of the parties' purchase and sale agreement and the arbitrator's award of attorney fees and costs.

Berges moved to quash the Maniscalcos' petition to confirm the arbitration award and argued it was premature because the award had not been properly served; Berges maintained the arbitrator erred by serving the award on the parties' attorneys and not directly on the parties themselves. James Maniscalco opposed the motion to quash. Among other things, he contended that, because both parties were represented by counsel in the arbitration, the arbitrator acted properly by serving the award on the parties' attorneys.

The trial court granted the Maniscalcos motion to quash service of Berges's petition to vacate the arbitration award, finding it was not properly or timely served. The court therefore dismissed Berges's petition to vacate the award.[2]

---

[2]     Berges's appeal from that decision was dismissed because she did not file an opening brief. On our own motion, we take judicial notice of the record in Berges's prior appeal. (Evid. Code, §§ 451, subd. (a), 452, subd. (d), 459, subd. (a).)

4

The trial court also confirmed the Maniscalcos' petition to confirm the arbitrator's award. The court found the arbitrator properly served the award on the parties' attorneys in the arbitration and accordingly rejected Berges's argument that the petition to confirm the award was premature. Further, in view of the parties' agreement to arbitrate and award the prevailing party its attorney fees and costs, the imposition of evidentiary sanctions for Berges's failure to respond to the Maniscalcos' discovery requests, and Berges's later dismissal of her arbitration demand, the court found the arbitrator's award of fees and costs was appropriate and within the arbitrator's discretion.

The trial court entered an amended judgment in the amount of $35,417.57 in favor of the Maniscalcos.[3]

## II. DISCUSSION

The Code of Civil Procedure provides that, if a petition to confirm an arbitration award is duly served and filed, "the court shall confirm the award as made," unless the award is corrected or vacated or the proceeding is dismissed. (Code Civ. Proc., § 1286.[4]) "The Legislature's use of the word 'shall' renders this provision mandatory." (*Law Offices of David S. Karton v. Segreto* (2009) 176 Cal.App.4th 1, 8.) Thus, confirmation of an arbitration award "is the mandatory outcome *absent* the correction or vacatur of the award or the dismissal of the

---

[3]     The original judgment contained an error in the amount owed to the Maniscalcos, which was corrected one week after the original judgment was filed.

[4]     Undesignated statutory references that follow are to the Code of Civil Procedure.

5

petition." (*Eternity Investments, Inc. v. Brown* (2007) 151 Cal.App.4th 739, 745 (*Eternity*).)

We independently review a trial court's decision to grant a petition to confirm an arbitration award. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9; accord, *EHM Productions, Inc. v. Starline Tours of Hollywood, Inc.* (2018) 21 Cal.App.5th 1058, 1063.)

The Maniscalcos' petition to confirm the arbitration award, filed well within the four-year timeframe provided by the Code of Civil Procedure, was timely. (§ 1288; see also *Eternity*, *supra*, 151 Cal.App.4th at 746 [explaining the differences between deadlines for filing a petition to vacate an arbitration award and a petition to confirm an award].) The Maniscalcos' petition was also in proper form, i.e., it included a copy of the parties' agreement to arbitrate, the name of the arbitrator, and a copy of the arbitration award. (§ 1285.4.) Berges was a party to the arbitration and bound by the award (§ 1287.2), and she did not oppose the Maniscalcos' petition on the merits or timely seek to have the award corrected or vacated. Confirmation of the award was therefore mandatory.

Arguing against affirmance, Berges devotes the majority of her opening brief to contending the trial court failed to consider whether she was denied a fair hearing of her claims in the arbitration. Specifically, she claims the court erred by not considering whether the arbitrator acted beyond his authority in imposing evidentiary sanctions, by deeming the requests for admission posed by the Maniscalcos admitted, and by awarding the Maniscalcos their attorney fees and costs. None of those issues, however, was ever before the trial court. Although Berges raised those issues in her petition to vacate, the court dismissed

6

that petition due to a lack of proper and timely service. Berges could have re-raised those issues if she had opposed the Maniscalcos' petition to confirm on the merits, but she never filed an opposition.

Berges's only remaining argument, that the trial court erred when it found the arbitrator properly served the award on the parties' attorneys instead of directly on the parties, runs contrary to governing law. When she filed her arbitration demand, Berges elected to have the arbitration governed by the Code of Civil Procedure and the code provides that "in all cases where a party has an attorney in the action or proceeding, the service of papers, when required, must be on the attorney instead of the party." (§ 1015; see also § 1283.6; *Reynolds v. Reynolds* (1943) 21 Cal.2d 580, 583, 584 ["[S]ervice of papers on the attorney of record, . . . , binds the client until the attorney is discharged or substituted out of the case in the manner provided by law"].) Berges and the Maniscalcos were each represented by counsel throughout the entirety of the arbitration (including at the time of the award), and the arbitrator correctly served the award on the parties' attorneys.[5]

---

[5]      The arbitrator also served the arbitration award by certified mail in accordance with section 1283.6.

DISPOSITION

The judgment is affirmed.  The Maniscalcos shall recover their costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:



RUBIN, P. J.



KIM, J.