Filed 2/23/24  Olson v. Aaronoff CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CURTIS R. OLSON,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VIDALA AARONOFF,<br><br>    Defendant and Appellant. | B321560<br><br>(Los Angeles County Super. Ct. No. 19STCV46503) |

APPEAL from an order of the Superior Court of Los Angeles County.  Teresa A. Beaudet, Judge.  Affirmed.

The Appellate Law Firm, Aaron Meyers and Mark Kuntze for Defendant and Appellant.

Buchalter, Robert Collings Little, Eric Michael Kennedy and Robert M. Dato for Plaintiff and Respondent.

_____

Vidala Aaronoff has pursued six appeals in nearly 10 years of litigation against Curtis Olson. And another Aaronoff appeal is pending. Olson has appealed once.[1] This appeal, Aaronoff's seventh, arises from an order awarding Olson attorney fees following Aaronoff's unsuccessful anti-SLAPP motion[2] under Code of Civil Procedure section 425.16.[3] We affirm the order, concluding Aaronoff's challenges have been forfeited or waived.

## FACTUAL AND PROCEDURAL BACKGROUND

The following factual and procedural summary is primarily taken from our opinion in *Olson v. Aaronoff, supra*, B315237.

## I. Facts

In 2002, Aaronoff and Olson met and began working together to convert an historic apartment building into a condominium complex, where they resided as neighbors. Olson was also the building owner and served as president of the homeowners association.

On January 1, 2012, Aaronoff purportedly created the ATW Trust as a religious trust for the benefit of the Ancient Temple of

---

[1] See related appeals *Aaronoff v. Olson* (Jan. 24, 2023, B295388) [nonpub. opn.] and *Olson v. Aaronoff* (Feb. 24, 2023 B315237) [nonpub. opn.].

[2] "SLAPP" is an acronym for "strategic lawsuit against public participation" and refers to a lawsuit which both arises out of defendant's constitutionally protected expressive or petitioning activity and lacks a probability of success on the merits. (Code Civ. Proc., § 425.16; *S. B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 377.)

[3] Undesignated statutory references are to the Code of Civil Procedure.

Wings Church.  Aaronoff and two other individuals were the three trustees.

## II.    Procedural Background

### A.    Events Leading Up to Olson's Award of Attorney Fees

In 2015, Aaronoff and Olson had a falling-out and became embroiled in litigation.

In February 2017, Aaronoff transferred her one-time residence, the condominium, to the ATW Trust with an effective date of January 1, 2012.

In September 2017, the parties filed dueling petitions for a civil harassment restraining order.  Both petitions were denied by the trial court in November 2018.

On April 15, 2019, Aaronoff, on behalf of the ATW Trust, recorded a deed of trust against her condominium that secured an $800,000 promissory note to her mother, Attorney Gloria Martinez-Senftner, and her mother's law firm, Martinez Law Group, P.C. (MLG), as payment for legal fees.

On April 17, 2019, the trial court awarded both Aaronoff and Olson attorney fees for having successfully defended against the other's restraining order petition.  Olson's award was approximately $80,000.  Aaronoff resisted Olson's efforts to collect his fee award.  To recover the award, Olson sued Aaronoff, Martinez-Senftner, MPG, and others for fraudulent conveyance of the condominium.  Olson alleged Aaronoff had conspired with Martinez-Senftner to fraudulently transfer Aaronoff's interest in her condominium to evade her debt to Olson.  On this basis, Olson alleged causes of action for violations of the Uniform Voidable Transactions Act (Civ. Code, § 3439 et seq.) for

3

conspiracy to defraud, for receiving stolen property, and for related claims.

In response, Aaronoff, Martinez-Senftner, and MLG filed three anti-SLAPP motions directed to Olson's complaint, first amended complaint, and second amended complaint, respectively. Following a hearing on July 23, 2021, the trial court ruled the amended pleadings mooted the first and second anti-SLAPP motions (relying on *JKC3H8 v. Colton* (2013) 221 Cal.App.4th 468). Olson's second amended complaint was the operative pleading. The court denied defendants' third anti-SLAPP motion as to that pleading. The court advised, as the prevailing party on that anti-SLAPP motion, Olson was statutorily entitled to seek attorney fees. (*Olson v. Aaronoff, supra*, B315237.)

Aaronoff, Martinez-Senftner, and MLG appealed from the order denying their anti-SLAPP motions. We affirmed the order. With respect to the third anti-SLAPP motion, which is pertinent here, we concluded defendants failed to show (1) that the transfer of the condominium to Martinez-Senftner and MLG is protected as litigation funding rather than solely intended to satisfy an outstanding debt for past legal services; and (2) that Olson's claims arise from any identified protected speech activity by Aaronoff and/or the ATW Trust because the Ancient Temple of Wings Church is a purported religious entity.

**B.    Olson's Attorney Fees Motion and Award**

On September 21, 2021, Olson moved under the anti-SLAPP statute for an award of attorney fees.[4] Olson argued at length that the anti-SLAPP motion was frivolous. His counsel's

---

[4] Olson's motion did not include a request for costs.

4

declaration and billing records accompanied the motion. The motion was unopposed.

At the April 28, 2022 initial hearing, Attorney G. Scott Sobel confirmed Aaronoff was his client based on a "notice of limited scope representation" that encompassed the anti-SLAPP motion and the attorney fees motion. Aaronoff told the court she had not been served with the attorney fees motion and understood she "was under limited scope with Mr. Sobel." Sobel acknowledged the motion was properly served and no opposition had been filed. Sobel explained the failure to file opposition was due to the defense's "confusion," "because there have been multiple attorney fees motions." Sobel requested relief under section 473, subdivision (b) "attorney error," so he could file opposition to Olson's motion.[5] Olson's counsel argued against the request.

The trial court found Aaronoff had "received notice, since she's acknowledging that Mr. Sobel was acting on her behalf as well." The court denied Attorney Sobel's request for section 473, subdivision (b) relief, in part because Olson was against it and no written motion for such relief had been filed.

The trial court briefly recessed the hearing to enable the parties to review the tentative ruling, which was posted late. When the proceedings resumed, the court, on its own motion, continued the hearing to May 17, 2022. The court ordered Olson's counsel to file a supplemental declaration by May 4, 2022,

---

[5] Section 473, subdivision (b) provides, in relevant part, that a court "may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

5

"address[ing] the computation" in the attorney fees motion. The court invited the parties to "file a motion to fix any problems they think exists" in that regard. The court required any responses to be filed by May 11, 2022.

The written order of the April 28, 2028 hearing shows the trial court adopted its tentative ruling that defendants' anti-SLAPP motion was "frivolous" within the meaning of section 425.16, subdivision (c)(1). In so ruling, the trial court agreed with Olson's arguments: (1) that defendants failed to show Olson's claims in his suit stemmed from any protected activity; and (2) that defendants relied on "selectively cit[ed]" legal authority to the effect that any transaction referred to as "litigation funding" must be protected activity. Olson's "claims involve Aaronoff conspiring with Martinez-Senftner and MLG to move Aaronoff's assets in a way to protect [them] against [Olson's] collection efforts. This is not protected activity." The court was also persuaded by defendants' failure to oppose Olson's motion for attorney fees.

The April 28, 2022 order stated the supplemental declaration required Olson's counsel to explain how the requested legal fees were calculated. The order also admonished the parties that the "argument and evidence in the supplemental papers are limited to the requested additional information, [the supplemental declaration], and the response thereto. The parties may not include any argument or evidence on any other issue."

At the continued hearing on May 17, 2022, only Olson's counsel appeared; there were no other appearances. According to the written order of that date, Olson's counsel timely filed the supplemental declaration, which showed a miscalculation and a correction of the requested attorney fees. No opposition was filed.

6

The trial court granted Olson's motion for $41,697 in attorney fees pursuant to the anti-SLAPP statute. This timely appeal followed.

## DISCUSSION

### I. Forfeiture or Waiver of Challenges to Attorney Fees Motion

Under section 425.16, subdivision (c)(1), "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." Under subdivision (a) of section 128.5, "A trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay." Subdivision (b)(2) defines " 'Frivolous' " as "totally and completely without merit or for the sole purpose of harassing an opposing party." (§ 128.5, subd. (b)(2); see *Crews v. Willows Unified School Dist.* (2013) 217 Cal.App.4th 1368, 1381.)

"We review an order on a request for attorney fees under section 425.16 for abuse of discretion." (*Workman v. Colichman* (2019) 33 Cal.App.5th 1039, 1056.)

The state of the record following the April 28, 2022 hearing was (1) that Aaronoff was represented at the time by Attorney Sobel; (2) that Olson's attorney fees motion was properly served but unopposed; (3) that the trial court denied Sobel's request for section 473, subdivision (b) relief; (4) that the court found the anti-SLAPP motion was frivolous; and (5) that the hearing was

7

continued to May 17, 2022, solely to consider the amount of Olson's attorney fee award.

Aaronoff challenges the attorney fees award on several grounds, among them that the trial court "erred" in finding the anti-SLAPP motion was frivolous. Aaronoff's briefs do not address the effects in the trial court and on appeal of her failure to oppose Olson's attorney fees motion: First, the lack of opposition created an inference in the trial court that the motion had merit. (See Cal. Rules of Court, rule 3.1342 ["The failure of the opposing party to serve and file a written opposition may be construed by the court as an admission that the motion is meritorious, and the court may grant the motion without a hearing on the merits"]; *Sexton v. Superior Court* (1997) 58 Cal.App.4th 1403, 1410 [the inference applies only in the absence of written opposition].) Second, the lack of opposition meant any arguments against the attorney fees motion were forfeited or waived in the trial court. (See *Children's Hospital and Medical Center v. Bonta* (2002) 97 Cal.App.4th 740, 776.) Because Olson's motion was unopposed, the trial court could infer it was meritorious and/or any attempts to contest it were forfeited or waived.

Aaronoff's failure to oppose Olson's motion also has ramifications on appeal. "It is well settled that the failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue." (*Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489; *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483, fn. 7 [party who "did not file any opposition to the motions" in the trial court "waived all arguments against the motions" on appeal]; *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 288 [same]; see

8

generally *Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264–265 [purpose of forfeiture rule is to encourage parties to bring errors to the attention of the trial court " ' " ' "so that they may be corrected or avoided and a fair trial had" ' " ' "].) Having failed to oppose Olson's attorney fees motion in the trial court, Aaronoff cannot do so for the first time on appeal. Accordingly, she has waived or forfeited her claim the trial court abused its discretion in finding her anti-SLAPP motion was frivolous.

## II. Other Grounds of Appeal

### A. Collateral Estoppel

Aaronoff urges our decision in *Aaronoff v. Olson*, *supra*, B295388 collaterally estops Olson from enforcing all his attorney fee awards, including this one.[6] This is a specious argument.

In the earlier appeal, we faulted the trial court for violating the automatic stay provision of section 916 by amending Olson's attorney fees order against Aaronoff *after* she had appealed from the original order.[7] (*Aaronoff v. Olson*, *supra*, B295388.) Olsen had incurred the attorney fees at issue by successfully defending against Aaronoff's restraining order petition.

Collateral estoppel has no application here. To be sure, collateral estoppel may be raised for the first time on appeal

---

[6] The elements of collateral estoppel are: " ' " ' "(1) the issue necessarily decided at the previous [proceeding] is *identical* to the one which is sought to be relitigated; (2) the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior proceeding." ' " ' " (*Daar & Newman v. VRL International* (2005) 129 Cal.App.4th 482, 489.)

[7] Section 916 precludes the trial court from enforcing, vacating, or modifying an appealed judgment or order.

9

when the judgment or order in the other action becomes final pending appeal and there was thus no opportunity to raise the issue in the trial court. (*Brake v. Beech Aircraft Corp.* (1986) 184 Cal.App.3d 930, 941.) However, as Aaronoff acknowledges, the appealed from judgments and orders of B295388 are not final because of Aaronoff's pending petitions for review in the California Supreme Court. (*National Union Fire Ins. Co. v. Stites Prof. Law Corp.* (1991) 235 Cal.App.3d 1718, 1726; *Baker v. Eilers Music Co.* (1917) 175 Cal. 652, 655 [a judgment is not final in California for purposes of res judicata or collateral estoppel if an appeal is pending or could still be taken].)

Nor do the current and former cases share identical issues that would invoke collateral estoppel: The issue in the instant case is whether Olson is entitled to attorney fees because Aaronoff's anti-SLAPP motion was frivolous; the issue in the B295388 decision was whether the trial court violated the automatic stay provision of section 916. Neither case concerns Olson's collection efforts or his enforcement of any attorney fees awards in any litigation against Aaronoff.

## B. Fraud

Aaronoff asserts Olson has misled the courts in this ongoing litigation by fraudulently representing that she owned the condominium at issue, and premised his suit against Aaronoff on a false alter ego theory. As a result, Aaronoff posits, this suit by Olson and defendants' anti-SLAPP motion were each moot.

These arguments do not serve as a basis for rejecting the trial court's finding that Aaronoff's anti-SLAPP motion was frivolous. In any event, they are either forfeited or waived, having never been raised in opposition to Olson's attorney fees motion.

10

## DISPOSITION

The order granting Olson's motion for attorney fees under Code of Civil Procedure section 425.16 is affirmed.  Olson is to recover his costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



CHAVEZ, J.



HOFFSTADT, J.

11