[No. F052530. Fifth Dist. May 13, 2008.]

BERNADETTE MONTEGANI, Plaintiff and Appellant, v.
KARON A. JOHNSON et al., Defendants and Respondents.

**COUNSEL**

Mayall, Hurley, Knutsen, Smith & Green, Steven A. Malcoun and William J. Gorham III for Plaintiff and Appellant.

Dowling, Aaron & Keeler, William J. Keeler, Jr., and Leigh W. Burnside for Defendants and Respondents.

## OPINION

**LEVY, J.**—As part of a long-running dispute between appellant, Bernadette Montegani, and respondents, Karon A. Johnson, Peter A. Cassinerio, and Agnes M. O'Connor, over their mother's estate, appellant applied to the trial court for a ruling under Probate Code[1] section 21320 that a proposed petition and a proposed complaint did not violate the no contest clauses contained in three separate trusts, a 1999 irrevocable trust, a 1999 revocable trust, and a 2001 revocable trust. In April 2006, the trial court ruled in appellant's favor as to the petition and two of the trusts. However, the court did not rule on the third trust and the proposed complaint.

Thereafter, this court issued its opinion in *Johnson v. Montegani* (Aug. 29, 2006, F048577) (nonpub. opn.),[2] holding that appellant had triggered the no contest clause of the 1999 irrevocable trust by filing a complaint for intentional interference with economic relations in 2002. In response, the trial court announced its intent to reconsider its April 2006 order on appellant's section 21320 applications. Following briefing by the parties and a hearing, the trial court determined that it had continuing jurisdiction over the trusts. The court reconsidered its April 2006 order and denied appellant's applications on the ground that appellant lacked standing to seek section 21320 relief because she was no longer a beneficiary of the trusts.

Appellant contends the trial court erred in finding she had no standing with respect to the 1999 revocable trust. According to appellant, since respondents did not file an appeal as to that trust, this court's opinion did not change her status as a beneficiary. Thus, appellant argues, the trial court's earlier order holding that she had not violated the no contest clause of the 1999 revocable trust was conclusive on the issue of her beneficiary status. Appellant further asserts that the April 2006 order is a final binding order on the parties and the trial court because respondents did not appeal that order.

As discussed below, the trial court had authority to reconsider its April 2006 order. Further, the court properly concluded that appellant did not have standing to seek relief under section 21320 as to the 1999 and 2001 trusts. Accordingly, the order will be affirmed.

---

[1] All further statutory references are to the Probate Code.

[2] The parties' requests that this court judicially notice its opinions and records in prior appeals in this matter are granted.

## BACKGROUND

In 1993, Lena M. Cassinerio (Decedent) established a revocable trust, the Lena M. Cassinerio Family Trust (family trust). Appellant and respondents, Decedent's children, were the beneficiaries of this trust.

The family trust was amended and restated on December 8, 1999 (1999 revocable trust). At the same time, Decedent executed the Cassinerio Irrevocable Trust (1999 irrevocable trust). This trust held a life insurance policy with a face value of approximately $700,000. The 1999 irrevocable trust assets were to be distributed equally between appellant and respondents. Both the 1999 revocable trust and the 1999 irrevocable trust contain nearly identical no contest clauses.

Decedent purchased two annuity policies with a total death value of approximately $400,000 naming appellant and respondents as equal beneficiaries.

On February 28, 2001, Decedent revoked the 1999 revocable trust and executed the Lena M. Cassinerio Revocable Living Trust (2001 revocable trust) and a pour-over will. The 2001 revocable trust disinherited appellant. Decedent also created the Lena M. Cassinerio Insurance Trust (2001 insurance trust). Appellant and respondents were named equal beneficiaries of this trust.

At some point, Decedent, through a power of attorney, changed the beneficiary designation on the annuity policies to exclude appellant.

Decedent died on November 5, 2001.

In March 2002, appellant filed a separate civil action against respondents alleging a single cause of action for intentional interference with economic relations. Appellant alleged that respondents, by the exertion of unjustified pressure and undue influence, caused Decedent to revoke the 1999 revocable trust and to execute the 2001 revocable trust. Respondents' demurrer to this complaint was sustained without leave to amend. On appeal, this court affirmed. (*Montegani v. Johnson* (May 21, 2003, F041158) [nonpub. opn.].)

After receiving an advance ruling under section 21320, respondents filed two petitions to enforce the no contest clause in the 1999 irrevocable trust and in the 1999 revocable trust. Respondents argued that appellant's complaint for damages violated the no contest clauses because appellant challenged the validity of Decedent's gift of annuity policies to respondents. The

complaint had alleged that Decedent changed the beneficiary designation to exclude appellant due to respondents' fraud and undue influence. According to respondents, this allegation violated the no contest clauses in that it attacked or sought to impair or invalidate "any gift which Trustor has made or will make during Trustor's lifetime."

The trial court dismissed both petitions on demurrer without leave to amend. Respondents appealed the order pertaining to the 1999 irrevocable trust but not the order on the 1999 revocable trust.

While this appeal was pending, appellant filed two applications for advance rulings under section 21320. Appellant proposed to file a petition to ascertain beneficiaries and to enforce the 1999 irrevocable trust's no contest clause against respondents. Her first application requested a ruling that this proposed petition did not violate the no contest clauses in the 1999 irrevocable trust, the 1999 revocable trust, and the 2001 revocable trust. The petition alleged that respondents violated the 1999 irrevocable trust's no contest clause when they caused the $700,000 life insurance policy, the sole asset of that trust, to be transferred to the 2001 insurance trust. The application was filed under superior court case No. 386082.

Appellant's second section 21320 application sought a ruling on whether her proposed complaint for undue influence would trigger the same three no contest clauses. The application was filed under superior court case No. 286596. In February 2006, the trial court consolidated these applications under case No. 286596.

Following a hearing, the trial court issued its order on April 18, 2006. The court ruled that appellant's proposed petition would not violate the no contest clauses in the 1999 irrevocable trust or the 2001 revocable trust. However, the court did not rule on whether the proposed petition would violate the 1999 revocable trust or whether the proposed complaint would violate the no contest clauses.

On August 29, 2006, this court filed its opinion in *Johnson v. Montegani, supra,* F048577, holding that appellant's 2002 complaint triggered the no contest clause of the 1999 irrevocable trust as a matter of law. Thereafter, the trial court ordered reconsideration of the April 18, 2006, order on its own motion and requested briefing from the parties.

Following a hearing, the court found it had authority to reconsider its order. The court then denied both applications on the ground that appellant

was no longer a beneficiary of either the 1999 irrevocable trust or the 1999 revocable trust and therefore lacked standing to seek relief under section 21320. This order is directly appealable and review is de novo. (*Burch v. George* (1994) 7 Cal.4th 246, 254 [27 Cal.Rptr.2d 165, 866 P.2d 92]; *Scharlin v. Superior Court* (1992) 9 Cal.App.4th 162, 167 [11 Cal.Rptr.2d 448].)

## DISCUSSION

Appellant contends the trial court erred in reconsidering and reversing its April 2006 order for two reasons. First, appellant argues, since the time for appeal had passed, the April 2006 order was final. According to appellant, at that point the order was binding on the parties and the court and subject to the doctrines of res judicata and collateral estoppel.

■ In California, the administration of a decedent's estate contemplates a series of different proceedings, each of which is separate as to the matters embraced within its purview. (*Estate of Neubauer* (1958) 49 Cal.2d 740, 745 [321 P.2d 741].) An adjudication of each step in this series is intended to be in the nature of a final judgment, and not subject to review in a subsequent stage of the administration of the estate. (*Ibid.*)

■ Here, it must be determined whether the April 2006 order was "final." A judgment is not final so long as the action in which it is rendered is pending. (*Estate of Molera* (1972) 23 Cal.App.3d 993, 998 [100 Cal.Rptr. 696].) In general, " 'it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' " (*Olson v. Cory* (1983) 35 Cal.3d 390, 399 [197 Cal.Rptr. 843, 673 P.2d 720].)

In ruling on the two section 21320 applications at issue, the trial court did not address all of the issues presented. The court concluded that appellant's proposed petition would not violate the no contest clauses of the 1999 irrevocable trust and the 2001 revocable trust but did not rule on the 1999 revocable trust. The court made no rulings on the proposed complaint for undue influence. Thus, appellant's section 21320 applications remained pending in part. In fact, appellant's counsel sent a letter to the trial court inquiring as to the court's decision on the proposed complaint for undue influence and thereafter requested a further hearing. Accordingly, the April 2006 ruling was an interim order.

■ A trial court has the inherent power to correct its own errors. (*Magallanes v. Superior Court* (1985) 167 Cal.App.3d 878, 882 [213 Cal.Rptr. 547].) In exercising this power, the court may, on its own motion, reconsider a prior interim order to make such a correction. (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1108 [29 Cal.Rptr.3d 249, 112 P.3d 636].) However, to be fair to the parties, the court must inform the parties of its concern that one of its prior interim orders may have been erroneous, solicit briefing, and hold a hearing. (*Ibid.*)

Here, the trial court followed the procedure outlined by the court in *Le Francois v. Goel*. After receiving this court's opinion in *Johnson v. Montegani, supra*, F048577, holding that appellant had violated the no contest clause in the 1999 irrevocable trust, the trial court determined that it should reconsider its April 2006 order, informed the parties of its concern, and requested briefing. Contrary to appellant's position, the trial court was acting within its inherent authority when it reversed its April 2006 interim order. Thus, no error occurred.

Appellant further contends that neither the court nor respondents can deny that appellant is a beneficiary of the 1999 revocable trust because respondents did not appeal from the order sustaining the demurrer to their petition to enforce the no contest clause against appellant as to that trust. Rather, in *Johnson v. Montegani, supra*, F048577, respondents limited the appeal to the order on the 1999 irrevocable trust. Accordingly, appellant argues, respondents and the court are bound by the doctrine of res judicata.

However, the trial court order appellant is seeking to enforce, i.e., the denial of respondents' petition to enforce the 1999 revocable trust's no contest clause against appellant, was an interim order. It was simply a failed attempt to enforce a no contest clause. As such, the order did not complete a step in the estate administration. Rather, the viability of that trust and the identity of its beneficiaries are still in dispute.

■ The doctrine of res judicata applies only when a final judgment on the merits has been rendered. (*National Union Fire Ins. Co. v. Stites Prof. Law Corp.* (1991) 235 Cal.App.3d 1718, 1726 [1 Cal.Rptr.2d 570].) Since the order at issue is not a final order, res judicata does not require finding that appellant is a beneficiary of the 1999 revocable trust.

■ Similarly, respondents are not judicially estopped from denying that appellant is a beneficiary of the 1999 revocable trust. " ' "Judicial estoppel

precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." ' " (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 986 [12 Cal.Rptr.3d 287, 88 P.3d 24].) Appellant contends that respondents' admission in a January 2006 pleading that appellant was a beneficiary of the 1999 revocable trust estopped respondents from arguing otherwise. However, when that "admission" was made, it was correct. Appellant was named as a beneficiary of that trust. This court did not hold that appellant had violated a nearly identical no contest clause until *Johnson v. Montegani, supra*, F048577, was filed on August 29, 2006.

■ Finally, appellant asserts that she has standing to apply for a section 21320 advance ruling with respect to the 2001 revocable trust because the trial court did not reverse its April 2006 order as to that trust. However, this court has previously noted that appellant is not a beneficiary of that trust. (*Montegani v. Cassinerio* (Feb. 27, 2003, F040866) [nonpub. opn.].) Since section 21320 relief is limited to trust beneficiaries, appellant may not employ that procedure with respect to the 2001 revocable trust.

■ Courts have the inherent power to ensure the orderly administration of justice. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 266 [279 Cal.Rptr. 576, 807 P.2d 418].) Moreover, as a court sitting in probate, the trial court has continuing jurisdiction to determine any questions arising from controversies over the administration of this estate. (*Estate of Beard* (1999) 71 Cal.App.4th 753, 772–773 [84 Cal.Rptr.2d 276].) The court has an obligation to control the proceedings before it and thereby protect the integrity of the estate. (*Id.* at p. 773.)

■ In reconsidering and reversing its April 2006 order, the trial court was fulfilling that obligation. After this court held that appellant had violated the no contest clause contained in the 1999 irrevocable trust, the trial court properly acted to correct its error in partially granting appellant's section 21320 applications. The language that triggered appellant's violation of the no contest clause in the 1999 irrevocable trust was also contained in the 1999 revocable trust. Thus, as part of its duty to oversee the administration of the estate and ensure the orderly administration of justice, the trial court properly concluded that appellant was no longer a beneficiary of either the 1999 irrevocable trust or the 1999 revocable trust and therefore lacked standing to seek declaratory relief under section 21320.

## DISPOSITION

The order is affirmed. Costs on appeal are awarded to respondents.

Harris, Acting P. J., and Wiseman, J., concurred.

A petition for a rehearing was denied May 28, 2008, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied July 30, 2008, S164594. George, C. J., did not participate therein.