Filed 7/9/14  McClatchy v. Pruitt CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CARLOS MCCLATCHY, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> GARY B. PRUITT et al., as Trustees, etc., <br><br> Defendants and Respondents. | A136391 <br><br> (San Francisco County <br> Super. Ct. No. PES-11-294985) |

Carlos McClatchy, beneficiary of an irrevocable trust, sought a ruling under former Probate Code section 21320, subdivision (a)[1] (section 21320) that a petition he proposed to file against respondents[2] would not violate the terms of a no contest clause contained in the trustor's will.  The trial court denied relief to Carlos, ruling that section 21320 did not apply based on the instrument before the court.

Carlos now appeals from the order denying his request for declaratory relief.  We will affirm because we agree with the trial court that section 21320, subdivision (a) could not be invoked based on the instruments that are the subject of Carlos's petition.  Carlos did not allege or demonstrate the existence of an irrevocable instrument containing a no

---

[1] All statutory references are to the Probate Code.

[2] The respondents in this appeal are Gary B. Pruitt, William McClatchy, Leroy Barnes, Ted Mitchell, Jean B. Coblentz, and Andrew Coblentz.  They are either current or former trustees of the trust at issue.  We will refer to them collectively as "the Trustees" save when the context requires that they be identified individually.

1

contest clause, and the parties agree such an instrument is a prerequisite to relief under section 21320.

FACTUAL AND PROCEDURAL BACKGROUND

On November 15, 1974, Eleanor McClatchy created the Trust for the Primary Benefit of James B. McClatchy (the Trust).[3] The Trust was funded with shares of the common stock of McClatchy Newspapers. Under the terms of the Trust, at any time after 1975, the trustees were required to pay the entire net income generated by the Trust at least quarter annually to James. Upon his death, the entire net income is to be shared equally between Carlos and William. Carlos and William are the two sole current income beneficiaries of the Trust.

By its terms, the Trust is irrevocable. Article V(A) of the instrument creating the Trust provides: "This trust is and shall continue to be irrevocable and cannot be altered, amended or changed in any manner." In creating the Trust, Eleanor unconditionally transferred property to the trustees and directed them to administer it in accordance with the terms of the Trust.

Most important for purposes of this appeal, the parties agree the Trust does *not* contain a no contest clause. It also does not refer to Eleanor's will or to any other testamentary instrument. The Trust does refer to certain other trusts created at the same time, but the parties do not contend the terms of those trusts are in any way relevant to the issues in this case.

The operative pleading in this case is Carlos's December 1, 2011 amended petition (the Amended Petition) for declaratory relief under section 21320. Subdivision (a) of that section provided in relevant part: "If an instrument containing a no contest clause is or has become irrevocable, a beneficiary may apply to the court for a determination whether a particular motion, petition, or other act by the beneficiary . . . would be a contest within

---

[3] In this opinion, we will refer to the members of the McClatchy family "by their first names . . . for clarity and convenience." (*Donkin v. Donkin* (2013) 58 Cal.4th 412, 415, fn. 1 (*Donkin*).) No disrespect is intended.

2

the terms of the no contest clause."[4]  (Stats. 1990, ch. 79, § 14, p. 972.17, as amended by Stats. 1994, ch. 40, § 3, p. 379, amended by Stats. 2002, ch. 150, § 3, p. 758, repealed by Stats. 2008, ch. 174, § 1, p. 567, eff. Jan. 1, 2010, operative Jan. 1, 2010.)

Carlos attached to his Amended Petition the pleading for which he sought a safe harbor ruling.  His Proposed Petition for Relief from Breach of Trust (the Proposed Petition) was to be filed against the former and current trustees of the Trust.  Broadly speaking, the Proposed Petition alleged that the Trustees had breached the Trust's provisions and their fiduciary duties to Carlos, and these breaches resulted in a loss of the income he received from the Trust.  The Proposed Petition sought damages and a restoration to the Trust of an amount equal to the diminution in value of its principal caused by the Trustees' alleged breaches.

The Amended Petition sought a declaration that the Proposed Petition would not "violate any 'no contest' clause that might be applicable to the Trust."  Carlos stated that he was "not aware of any clause in or applicable to the Trust which forbids or limits the pursuit of any contest, let alone the proceeding embraced by the Proposed Petition." Nevertheless, Carlos alleged that Eleanor's will (the Will) contained a no contest clause. The Amended Petition purported to quote from the Will, which allegedly states: " 'If any beneficiary under this will in any manner contests or attacks this will or any of its provisions, any share or interest in my estate given to that contesting beneficiary under this will is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary had predeceased me.' "  Carlos's Amended Petition acknowledged, however, that the Trust was not created by the Will and that the Will said nothing about the clause applying to the Trust, which, as Carlos expressly recognized,

---

[4] "Former '[s]ection 21320 has been referred to as a "safe harbor" provision,' meaning that a beneficiary may 'obtain a ruling on the applicability of no contest clause issues without running the risk of disinheritance.' [Citation.]" (*Donkin, supra,* 58 Cal.4th at p. 419, fn. 4.)  Section 21320 was derived from former section 21305.  (See Stats. 1989, ch. 544, § 19, p. 1825, repealed by Stats. 1990, ch. 79, § 13, p. 463.)  "Section 21320 continue[d] Section 21305 of the repealed Probate Code without substantive change." (Recommendation Proposing New Probate Code (Dec. 1989) 20 Cal. Law Revision Com. Rep. (1990) p. 1981; see *Donkin, supra,* 58 Cal.4th at p. 423, fn. 6.)

contains no similar provision.  Moreover, the Amended Petition did not allege that Carlos is a beneficiary of the Will.[5]

After the trial court overruled demurrers by the Trustees, the latter filed responses to the Amended Petition.[6]  In their responses, the Trustees both admitted and affirmatively alleged that the Trust did not contain a no contest clause.  They also agreed that the no contest clause in the Will did not apply to Carlos's Proposed Petition.  The Trustees asserted that they lacked sufficient information to respond to Carlos's allegations about the contents of the Will, and they therefore denied any other allegations in the Amended Petition concerning the Will.

In the trial court, the Trustees argued that Carlos could not obtain relief under section 21320 because the instrument at issue, the Trust, did not contain a no contest clause.  They contended that a predicate for relief under that section was the existence of a no contest clause in the instrument at issue.  The Trustees also argued that the no contest clause in the Will did not apply to the Trust, because the Will and the Trust were not part of an integrated estate plan.[7]

---

[5] The Will was not attached to the Amended Petition, and it was never provided to the trial court.  It is therefore not part of the record on appeal.  Beyond what we have described, the record contains almost no other information about the Will.  We therefore do not know, for example, whether the alleged Will was created before or after the Trust, whether the Will was ever executed, whether it is Eleanor's final will, or whether it was admitted to probate.

[6] There were two separate responses—one by the living Trustees and another by the successors in interest of two deceased Trustees.  William Coblentz had died a year before the filing of Carlos's original petition, and Ellery McClatchy died a week after its filing.  Carlos therefore filed a supplement to the Amended Petition naming as respondents the successors in interest of the two deceased Trustees.

[7] In the papers they filed below, the Trustees also explained they had offered to stipulate that the Proposed Petition did not violate the Will's no contest clause.  They were not willing to stipulate pursuant to section 21320, however.  It appears the parties were unable to agree on a stipulation because the Trustees believed Carlos was seeking to use the section 21320 procedure to toll the statute of limitations on the claims presented in the Proposed Petition.  (See former § 21308 ["The statute of limitations for the commencement of any motion, petition, or other act referred to in subdivision (a) of Section 21320 shall be tolled beginning with the date the application for the court's

After a hearing, the trial court issued a written order denying the Amended Petition. In its order, it "decide[d] whether the application of former Probate Code § 21320 is appropriate based upon the instrument before the Court." It made several findings, none of which are disputed on appeal. It found that the Trust was irrevocable but did not contain a no contest clause. It stated that the Will had not been filed in the action and was not before the court. The court noted the parties agreed that: (1) the Will contained a no contest clause; (2) the Trust was not created by the Will; and (3) the Will says nothing about its no contest clause applying to the Trust. The court also found Carlos had not alleged that the Trust and the Will are an integrated estate plan. As a consequence, the trial court ruled that "granting safe harbor pursuant to the provisions of former Probate Code section § 21320 is not appropriate because the instrument at issue in the proposed petition is not subject to a No Contest Clause."

Carlos then filed this appeal.

DISCUSSION

Carlos raises two issues in this court, but we need address only the first.[8] He contends section 21320 entitled him to a determination that the Proposed Petition would not violate any no contest clause. We conclude the trial court was correct in finding Carlos could not avail himself of that statute based upon the instruments before it.

I.    *Standard of Review and Governing Law*

The interpretation of a will or a trust presents a question of law subject to our independent review, "unless interpretation turns on the credibility of extrinsic evidence or a conflict therein." (*Burch v. George* (1994) 7 Cal.4th 246, 254.) In this case, the parties presented no extrinsic evidence in the trial court, and we therefore examine the terms of the Trust and the alleged terms of the Will de novo. The interpretation of section 21320

---

determination under subdivision (a) of Section 21320 is made and ending with the date the court's determination becomes final."].)

[8] The Trustees have conceded the trial court was correct in holding that, despite its repeal, the section 21320 procedure remained available to instruments like the Trust, which had become irrevocable before January 1, 2001. (See § 3, subd. (g); *Donkin, supra,* 58 Cal.4th at p. 427.) We therefore do not discuss this issue further.

5

is also subject to de novo review. (*Bradley v. Gilbert* (2009) 172 Cal.App.4th 1058, 1068.)

"A 'no contest clause' is 'a provision in an otherwise valid instrument that, if enforced, would penalize a beneficiary if the beneficiary files a contest with the court.' " (*McIndoe v. Olivos* (2005) 132 Cal.App.4th 483, 486-487, quoting former § 21300, subd. (d).) A 'contest' for purposes of a no contest clause "is 'any action identified in a "no contest clause" as a violation of the clause.' " (*McIndoe v. Olivos, supra,* 132 Cal.App.4th at p. 486, quoting former § 21300, subd. (a).) "The purpose of no contest clauses 'is to discourage will contests by imposing a penalty of forfeiture against beneficiaries who challenge the will.' [Citation.]" (*Estate of Kaila* (2001) 94 Cal.App.4th 1122, 1128.) "An in terrorem or no contest clause in a will or trust instrument creates a condition upon gifts and dispositions provided therein. [Citation.] In essence, a no contest clause conditions a beneficiary's right to take the share provided to that beneficiary under such an instrument upon the beneficiary's agreement to acquiesce to the terms of the instrument." (*Burch v. George, supra,* 7 Cal.4th at p. 254.)

Because it is often difficult to determine whether a particular action by a beneficiary would constitute a contest within the meaning of a no contest clause, the Legislature enacted section 21320, which provided a procedure for obtaining declaratory relief regarding whether a proposed action would constitute a contest. (*Estate of Kaila, supra,* 94 Cal.App.4th at pp. 1129-1130.) " '[S]ection 21320 provides . . . a "safe harbor" for beneficiaries who seek an advance judicial determination of whether a proposed legal challenge would be a contest [under a particular no contest clause].' [Citation.] If a court determines that a particular proposed action would constitute a contest, the beneficiary will then be able to make an informed decision whether to pursue the contest and forfeit his or her rights under a will *or* to forgo that contest and accede to the will's provisions." (*Id.* at p. 1130.) The obvious purpose of the declaratory relief procedure under section 21320 is to "allow[] beneficiaries to obtain a ruling on the applicability of no contest clause issues without running the risk of disinheritance." (*Estate of Ferber* (1998) 66 Cal.App.4th 244, 249, fn. 4.)

6

In ruling on a safe harbor petition brought under section 21320, subdivision (a), the court does not determine the merits of the beneficiary's proposed claims. (§ 21320, subd. (c) ["A determination under this section of whether a proposed motion, petition, or other act by the beneficiary violates a no contest clause may not be made if a determination of the merits of the motion, petition, or other act by the beneficiary is required."].) Instead, the ruling "determines only whether pursuit of the claims will result in disinheritance under the terms of the no contest clause[] and the law governing [it]." (*Donkin, supra,* 58 Cal.4th at p. 438.)

II.      *The Parties Agree That Declaratory Relief Under Section 21320 Requires an Irrevocable Instrument Containing a No Contest Clause.*

The parties' dispute centers on whether the trial court properly concluded that the application of section 21320, subdivision (a) was not appropriate based on the instrument before the court. Resolution of this dispute requires us to interpret the language of the statute and then to apply that interpretation to the facts of this case.

Under section 21320, subdivision (a), "[i]f an instrument containing a no contest clause is or has become irrevocable, a beneficiary may apply to the court for a determination of whether a particular motion, petition, or other act by the beneficiary . . . would be a contest within the terms of the no contest clause." The parties do not dispute that to seek declaratory relief under this provision, there must be, at a minimum: (a) an irrevocable instrument that (b) contains a no contest clause. At least insofar as these requirements are concerned, no party contends there is any ambiguity in the statute. (See *Bradley v. Gilbert, supra,* 172 Cal.App.4th at p. 1069 [parties raised no ambiguity issues with respect to statute].) Thus, to invoke the declaratory relief procedure of section 21320, there must be an instrument that is *both* irrevocable *and* contains a no contest clause.

The parties' interpretive disagreement concerns a different issue. They dispute whether the statute requires that the no contest clause be found in the irrevocable instrument creating the beneficiary's rights, as the Trustees contend, or whether it may be found in another instrument, as Carlos contends. Carlos's reply brief frames the issue as

7

"whether a safe harbor petition lies when the instrument containing the no contest clause does not confer any economic rights on the petitioner[.]"

We conclude we need not resolve that issue. For even if section 21320, subdivision (a) would permit a party to seek safe harbor relief when the instrument containing the no contest clause is not the one that is the source of the beneficiary's economic rights, Carlos's Amended Petition still does not fall within the statute. As we will explain, Carlos's petition fails to satisfy a condition that the parties agree is a prerequisite to seeking declaratory relief.

III.     *The Amended Petition's Allegations About the Will Do Not Satisfy the Terms of Section 21320, Subdivision (a).*

As noted above, both Carlos and the Trustees agree that declaratory relief under section 21320, subdivision (a) may not be sought unless there is an irrevocable instrument containing a no contest clause. Carlos admits this somewhat grudgingly, but in his opening brief, he states that "[a]t most, the statute requires that to seek safe harbor relief there be 'an instrument containing a no contest clause [that] is or has become irrevocable . . . .' " In view of the statute's explicit reference to "an instrument containing a no contest clause [that] is or has become irrevocable," (§ 21320, subd. (a)), we agree with the statement (in a treatise co-authored by Carlos's counsel) that "[a] [safe harbor] petition may be filed *if the instrument containing the no contest clause* has become irrevocable." (Cal. Trust and Probate Litigation (Cont.Ed.Bar Mar. 2014) No Contest Clauses and Other Obstacles to Litigation, § 5.10, italics added.) We therefore proceed to determine whether either of the two instruments at issue in this case satisfy these criteria. As we demonstrate, neither instrument does.

There is no dispute that the Trust instrument does not contain a no contest clause. In addition, the parties agreed, and the trial court found, that the Trust at issue in this case was made irrevocable at its inception. This means Eleanor could not alter or condition the distribution of gifts made under the Trust once the Trust was established. (E.g., *Aguilar v. Aguilar* (2008) 168 Cal.App.4th 35, 40.) "There are no cases that permit the settlor of a trust to make an irrevocable trust revocable by way of conduct after the trust

has been established." (*Laycock v. Hammer* (2006) 141 Cal.App.4th 25, 30.) Based on the information in the record, the terms of the Trust instrument are thus fixed, and since that instrument lacks a no contest clause, its terms cannot form the basis for a request for declaratory relief under section 21320.

This leaves the Will, or at least the portion of the Will the Amended Petition purports to quote. Even if we overlook the Trustees' hearsay objection to consideration of the language of the Will's alleged no contest clause,[9] we conclude Carlos cannot seek a safe harbor ruling with respect to that instrument for at least three reasons.

First, as explained earlier, declaratory relief may be sought under section 21320, subdivision (a) only if there is an irrevocable instrument that contains a no contest clause. While the Amended Petition alleges the Will contains a no contest clause and purports to quote it, there is no allegation that this clause is part of an instrument that is or has become irrevocable. Other than the quoted no contest clause and the claim that the Will "was created around the same time as the Trust," the Amended Petition says nothing at all about the Will. In fact, the Amended Petition does not even allege that Eleanor has died, and ordinarily only her death would make the Will irrevocable. (*Estate of Crawford* (1945) 69 Cal.App.2d 607, 608 ["The right to revoke a will lies with the testator until the time of his death unless limited by an agreement in writing."].)

Whether Eleanor is dead and when she died may well be facts known to the parties, but they are not readily discernible from the extremely limited record before us. Our interest in these facts is not a matter of morbid curiosity. Declaratory relief under

---

[9] The Trustees objected on hearsay grounds to the trial court's consideration of the no contest clause Carlos purported to quote in the Amended Petition. They renew this objection on appeal, contending Carlos failed to present any competent evidence of a no contest clause for the trial court to construe. The trial court does not appear to have ruled on this objection, and our resolution of this appeal makes it unnecessary for us to determine whether it is well founded. We note, however, that Carlos does not respond to this argument in his reply brief, and we could therefore treat it as conceded. (*Campbell v. Ingram* (1918) 37 Cal.App. 728, 732 ["Since appellant has not deigned to reply to the argument of respondent, we have a right to assume that the former deems the argument of the latter unanswerable[.]"].)

section 21320 remains available *only* with respect to instruments that became irrevocable on or before January 1, 2001. (See *Fazzi v. Klein* (2010) 190 Cal.App.4th 1280, 1283, fn. 2.) The substantive law applicable to the enforcement of no contest clauses also depends on whether the instrument became irrevocable before or after January 1, 2001. (*Donkin, supra,* 58 Cal.4th at p. 429, citing § 21315, subd. (a).) Assuming the Will is now irrevocable, without knowing *when* it became irrevocable, we cannot tell whether the section 21320 procedure was available at all with respect to that instrument. For the same reason, the trial court would not have known what law to apply in determining whether the Proposed Petition would constitute a "contest." In the absence of any allegation or evidence that the Will is irrevocable, that instrument cannot be the basis for safe harbor relief.[10] (See § 21320, subd. (a).)

Second, Carlos concedes that "because the Trust in this case was irrevocable, to forfeit his gift under the Trust he would have to violate the terms of a no contest clause included in an instrument in existence when Eleanor McClatchy executed the Trust." (Fn. omitted.) Again, however, the Amended Petition does not allege the Will was in existence when the Trust was executed. To the extent the Amended Petition says anything about this issue, it states only that "the Trust was *not* created by the Will." (Italics added.) The Amended Petition also lacks any allegation from which one could infer that the Will's no contest clause might somehow affect the benefits distributed under the Trust, stating instead that "the Will says nothing about the [no contest] clause applying to challenges to the Trust[.]" Although Carlos's counsel argued at the hearing below that the Will was "another part of the settlor's estate plan," nothing in the Amended Petition alleges that the Trust and the Will were part of an integrated estate

---

[10] Indeed, without at least an allegation that the Will is irrevocable, safe harbor relief cannot be sought regarding the Will for another reason. No contest is even possible while an instrument remains revocable. (See *Fazzi v. Klein, supra,* 190 Cal.App.4th at p. 1285 [no "contest" to revocable trust was possible during joint life of trustors; contest only made possible after trusts became irrevocable on death of co-trustor].)

plan.[11] Nowhere does Carlos refer to terms in either the Trust or the Will that would make the distributions under the one dependent upon the terms of the other, and absent such terms, California law generally presumes the instruments are separate and stand on their own. (See, e.g., *Meyer v. Meyer* (2008) 162 Cal.App.4th 983, 996-998.)

Finally, as Carlos himself recognizes, "he had to have standing, to prosecute his safe harbor petition, i.e., the right to a gift." Here, however, Carlos does not allege he is a beneficiary under the Will. A safe harbor petition under section 21320 may only be brought by a "beneficiary." (§ 21320, subd. (a).) Since Carlos does not allege he is a beneficiary under the Will, he has no standing to seek section 21320 relief as to that instrument. (See *Montegani v. Johnson* (2008) 162 Cal.App.4th 1231, 1239 [appellant lacked standing to employ safe harbor procedure of § 21320 with respect to trusts of which she was not a beneficiary].)

As the foregoing discussion makes clear, one fundamental defect in Carlos's arguments about the Will is that neither this court nor the trial court have been presented with enough information about that document to draw conclusions regarding its terms and effect. Our resolution of this appeal is therefore based in part on the absence of allegations or evidence showing that the Will is irrevocable.[12] This defect is of Carlos's own making, however. He appears to have had access to the Will, since his Amended Petition claims to quote directly from that document. Despite this, for reasons not apparent from the record, he did not place the Will before the court, and he did not even make allegations about it that would make his Amended Petition facially sufficient. He therefore cannot be heard to complain that our ruling is based on the meager record before us. (See *McIndoe v. Olivos, supra,* 132 Cal.App.4th at p. 487 [party that failed to

---

[11] At the hearing below, Carlos's counsel acknowledged that he did not believe the Trust was part of an integrated estate plan with the Will. Consistent with this acknowledgement, at oral argument in this court, Carlos's counsel conceded the Will's no contest clause did not apply to the Trust and that Carlos was not a beneficiary of the Will.
[12] In any event, given Carlos's repeated concessions that the Will and the Trust do *not* form an integrated estate plan, we would not reach a different result even if the Will were in the record.

11

introduce extrinsic evidence to aid in interpretation of trust document could not complain on appeal about trial court's failure to consider such evidence].)

We therefore conclude the trial court did not err in ruling that application of section 21320 was not appropriate based on the instrument before it. Since the Amended Petition did not satisfy the terms of the statute, it did not present a proper subject for declaratory relief under that statute.

IV.     *Section 21320 May Not Be Invoked in the Absence of a No Contest Clause.*

The foregoing discussion suffices to resolve the dispute actually presented by this case. To the extent Carlos also argues he was entitled to seek declaratory relief under section 21320 to protect himself from application of an unknown no contest clause in some unidentified instrument, we must disagree.

To begin with, the purpose of the declaratory relief procedure under section 21320 is to provide "a method of determining whether a particular motion, petition or other act by a beneficiary would be a contest within the terms of *the particular no contest clause.*" (*Donkin, supra,* 58 Cal.4th at p. 423, fn. 6, italics added.) Even in actions for declaratory relief, courts cannot be asked to determine such questions in the abstract. In the absence of a particular no contest clause, there is nothing for the court to interpret and thus no standard against which it may judge whether a beneficiary's proposed action "would be a contest within the terms of the no contest clause." (§ 21320, subd. (a).)

"An essential requirement of the [declaratory relief] procedure . . . is that there be a real controversy between parties, involving *justiciable questions* relating to their rights and obligations. Facts and not conclusions of law must be pleaded which show a controversy of concrete actuality as opposed to one which is merely academic or hypothetical [citations]; for, as has been aptly said, a statute providing for a declaration of rights 'does not constitute a court a fountain of legal advice.' [Citations.]" (*Wilson v. Transit Authority* (1962) 199 Cal.App.2d 716, 722.) Consistent with these rules, courts cannot be asked to give their opinion on such theoretical matters as whether a proposed action might violate the terms of a hypothetical no contest clause in an unidentified instrument.

DISPOSITION

The order from which the appeal is taken is affirmed.  The Trustees shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____

Jones, P.J.

We concur:

_____

Needham, J.

_____

Bruiniers, J.

13