[No. B052836. Second Dist., Div. Two. June 6, 1991.]

UNITED FIREFIGHTERS OF LOS ANGELES et al., Plaintiffs and Respondents, v.
CITY OF LOS ANGELES et al., Defendants and Appellants.

## Counsel

James K. Hahn, City Attorney, Frederick N. Merkin, Assistant City Attorney, and Arthur B. Walsh, Deputy City Attorney, for Defendants and Appellants.

Fogel, Feldman, Ostrov, Ringler & Klevens, Lester G. Ostrov and Mia Darbonne Farber for Plaintiffs and Respondents.

## Opinion

**NOTT, J.**—This is an appeal by appellants City of Los Angeles (City), the Los Angeles City Fire Department (Department), Donald Manning, the Department's chief engineer and general manager (Chief Engineer), and the board of fire commissioners from a judgment confirming an arbitrator's award. The award directed the Chief Engineer to constitute a new board of rights to reconsider the Department's termination of Edward Salas as a firefighter. The respondent is the United Firefighters of Los Angeles City (UFLAC), the certified collective bargaining agent for firefighters employed by the Department. Salas is not a party to this appeal. We affirm the judgment and remand the matter to the trial court to determine whether respondent is entitled to an award of attorney's fees.

Appellants contend the trial court erred in compelling arbitration because Salas as a discharged employee had no rights under the grievance provisions

contained in a memorandum of understanding (MOU) between respondent and City. Respondent, on the other hand, urges the claim is not cognizable on appeal because appellants failed to timely file a request to vacate the award in the trial court. Finally, respondent seeks to recover attorney's fees under the private attorney general doctrine of Code of Civil Procedure section 1021.5.

## FACTS

The record reveals that for 10 years the Department employed Salas as a firefighter. In March 1987, the district attorney commenced a criminal action accusing him of committing lewd acts against a child under the age of 14. Prompted by those charges, the Department in November 1987 convened a board of rights (Board) to consider whether Salas had violated certain rules and regulations of employment. Under article X, section 135 of City's charter, the Department cannot terminate a firefighter without first affording the firefighters a hearing before a board of rights. Other subdivisions found in section 135 set forth various procedural safeguards to ensure that the accused receives a fair hearing.

The Board found Salas guilty, and in January 1988 the Chief Engineer removed him from his position as a firefighter. In February 1988, a jury acquitted Salas of all criminal counts. The trial judge, however, refused to issue Salas a "Factual Finding of Innocence" on the ground there was reasonable cause to believe he committed the offenses.

In March 1988, Salas, pursuant to subdivision (16) of section 135 of City's Charter, requested a second board of rights hearing based on new evidence not available at the original proceeding.[1] The Chief Engineer rejected the demand, stating he found no good reason or cause to constitute a new board.

Salas thereafter lodged a grievance pursuant to a dispute resolution procedure contained in the then current MOU between City and UFLAC. Article 2.1 of the labor contract established a multilevel review mechanism for the resolution of employee grievances. If after pursuing this route the firefighter

---

[1]That section, in relevant part, provides: "At any time within three (3) years after any case of removal as hereinabove provided, the officer or employee so removed may file his request with the Chief Engineer to be reheard or to be heard on the cause of his removal, together with his supporting affidavit specifically setting forth in clear and concise language the reasons or grounds therefor. The Chief Engineer must consider and decide upon such request and affidavit within thirty (30) days after such filing. If good reason or cause appears therefor, the Chief Engineer must, without unnecessary delay, cause a Board of Rights to be constituted in the manner hereinabove provided for the purpose of hearing and deciding upon the matter."

and management remained deadlocked, section III of the article required the parties to submit the grievance to binding arbitration. Section I defined a covered grievance as "[A]ny dispute concerning the interpretation or application of a written Memorandum of Understanding or of departmental rules and regulations governing personnel practices or working conditions. The following items are not grievable: 1. an impasse in meeting and conferring upon the terms of a proposed Memorandum of Understanding. 2. Probationary employee terminations."

The Department disallowed the grievance contending Salas as a terminated employee no longer enjoyed any rights under the MOU. On January 17, 1989, Salas and UFLAC filed a petition in superior court requesting an order to compel appellants to arbitrate whether Salas should be granted a new board of rights hearing pursuant to City's charter. Appellants opposed the petition on the ground that Salas was no longer covered by the MOU.

The trial court issued an order compelling arbitration, stating: "The Court finds the claim of the petitioner that he is an 'employee' within the meaning of the Memorandum of Understanding dated October 26, 1987 is well taken. The Court finds that the petitioner was an employee at the time of his demand for reconsideration and reconvening of a board of rights. The Court finds it was the intent of the memorandum of understanding to include discharged firefighters within the definition of 'employee' until they exhausted all of their legally possible action to obtain reinstatement."

On November 14, 1989, the arbitrator rendered his opinion. He found, among other things, that the Board denied Salas his due process right to confront his accuser and that his acquittal would be relevant to the deliberations of a reconstituted board. The arbitrator accordingly made an award directing the Chief Engineer "to constitute a new Board of Rights in accordance with the requirements of the City Charter and afford him the full spectrum of due process rights ordinarily afforded an employee under 'just cause' or 'good cause' principles to hear the charges against [Salas] without prejudice to his prayer for reinstatement, full back pay and other relief."

On June 12, 1990, UFLAC filed its petition to confirm the arbitration award. On June 19, 1990, appellants filed their response to the petition, arguing again that discharged employees did not come within the reach of the MOU. The trial court rejected the contention and confirmed the award.

## DISCUSSION

### I. *Whether the Failure to Attempt to Vacate the Arbitration Award Bars Appellants From Arguing Salas Had No Right to Lodge a Grievance Under the MOU*

Respondent contends the failure by appellants to timely request an order to vacate the arbitration award prohibits them from now arguing Salas lacked standing to lodge a grievance. We find the contention unavailing.

Title 9 of the Code of Civil Procedure (§ 1280 et seq.)[2] establishes a statutory scheme for the enforcement of arbitration agreements and the awards made pursuant to them. Section 1281.2 provides generally that the trial court can order a recalcitrant party to an arbitration contract to submit a dispute to arbitration if the court "determines that an agreement to arbitrate the controversy exists. . . ." However, once an award has been rendered it may be vacated for reasons enumerated in section 1286.2. One such basis, for example, occurs when "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. . . ." (§ 1286.2, subd. (d).)

In the instant case, appellants chose not to file a petition to vacate the arbitration award (see § 1288)[3], and they do not contest that their response, which did seek to vacate the award, was time barred by section 1288.2.[4] Failure to file a timely response prevents a party from vacating an award on any of the grounds provided in section 1286.2. (*Davis* v. *Calaway* (1975) 48 Cal.App.3d 309, 311 [121 Cal.Rptr. 570]; *MacDonald* v. *San Diego State University* (1980) 111 Cal.App.3d 67, 79-81 [168 Cal.Rptr. 392].)

We think it clear, however, appellants are not appealing the correctness of the award. Rather, they are attacking the authority of the trial court to compel them to submit the matter to arbitration. An order to compel arbitration is an interlocutory order which is appealable only from the judgment confirming the arbitration award, or in certain exceptional situations

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3] Section 1288, in pertinent part, provides: "A petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner."

[4] Section 1288.2, in relevant part, commands: "A response [to a petition to confirm an arbitration award] requesting that an award be vacated or that an award be corrected shall be served and filed not later than 100 days after the date of service of a signed copy of the award . . . ."

is reviewable by writ of mandate. (§ 1294; *Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.* (1969) 271 Cal.App.2d 675, 693 [77 Cal.Rptr. 100]; *Branham* v. *State Farm Mut. Auto. Ins. Co.* (1975) 48 Cal.App.3d 27, 32 [121 Cal.Rptr. 304]; *Wheeler* v. *St. Joseph Hospital* (1976) 63 Cal.App.3d 345, 353 [133 Cal.Rptr. 775, 84 A.L.R.3d 343].) As Professor Witkin has observed: "A party does not waive his right to attack the order by proceeding to arbitration; the order is reviewable on appeal from a judgment confirming the award. [Citations.]" (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 71, p. 95.)

We also think it important to note that because appellants had nothing new to add to their opposition to the arbitration, requiring them to make a request to vacate the award would be a needless act and a waste of judicial resources.

However, even if the statutory scheme of the arbitration law is susceptible to an interpretation supporting respondent's position, this appeal would still be properly before us.

In *MacDonald* v. *San Diego State University, supra*, 111 Cal.App.3d 67, the university contended the trial court erroneously submitted to arbitration a grievance brought by MacDonald, who was the acting director of the university's study skills center. By statute and executive order, the university's "academic employees" were entitled to have certain grievances settled by arbitration. (*Id.* at pp. 70-71.) As in our case, the university argued MacDonald lacked standing to seek arbitration because she was not within the class of persons protected by the grievance procedure. (*Id.* at p. 73.) From the record, it was unclear whether the University had brought the issue to the attention of the trial court. (*Ibid.*) The appellate court stated: "Nevertheless, since the question relates to subject matter jurisdiction which may be raised initially on appeal, we consider its merits. [Citations.]" (*Id.* at p. 74.)

We agree with the reasoning of *MacDonald*. Like a constitutional provision or statute, the arbitration agreement confers subject matter jurisdiction on the trial court to order the parties to arbitration. Since an objection to subject matter jurisdiction may never be waived (*Keithley* v. *Civil Service Bd.* (1970) 11 Cal.App.3d 443, 448 [89 Cal.Rptr. 809]), appellants can challenge on appeal whether the trial court erred by ordering Salas's grievance to arbitration.

II.   *Whether Salas as a Terminated Employee Was Entitled to Utilize the Grievance Provisions of the MOU*

 Turning to their substantive argument, appellants urge the right to bring a grievance ends with the termination of the employee. They contend this is a reasonable interpretation of the MOU because its grievance section obligates an employee to initially submit disputes to his immediate supervisor and then to the lowest ranking chief officer in the line of command. Under appellants' logic, Salas could not be an employee within the meaning of the agreement because upon his termination he no longer had a supervisor or chief officer. The argument is meritless.

In *United Firefighters* v. *City of Los Angeles* (1984) 153 Cal.App.3d 383 [200 Cal.Rptr. 233], Division One of this district held disciplinary matters prosecuted by the Department pursuant to article X, section 135 of City's charter were arbitrable under the grievance provisions of a MOU identical to the one subject to this appeal. There, a fire captain sought to arbitrate a four-day suspension imposed following a board of rights hearing. In the instant case, the issue before the arbitrator was whether the Chief Engineer abused his discretion under section 135, subdivision (16) by finding no good reason or cause to constitute a new board of rights.

 The public policy of this state favors arbitration because it provides a means for the peaceful resolution of labor disputes and the promotion of industrial stabilization. (*Fire Fighters Union* v. *City of Vallejo* (1974) 12 Cal.3d 608, 622 [116 Cal.Rptr. 507, 526 P.2d 971].) Arbitration quickly and inexpensively resolves employment controversies and eases the burdens on the judiciary. (*Taylor* v. *Crane* (1979) 24 Cal.3d 442, 452 [155 Cal.Rptr. 695, 595 P.2d 129]; *United Firefighters* v. *City of Los Angeles, supra,* 153 Cal.App.3d 383, 389.) By indulging in every intendment to give effect to arbitration proceedings, the courts advance the goal of the peaceful resolution of employment disputes. (*MacDonald* v. *San Diego State University, supra,* 111 Cal.App.3d 67, 77.) As a general rule, "[i]f there is doubt as to whether an arbitration provision in an agreement covers a given controversy, it should be resolved in favor of coverage. [Citations.]" (*Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co., supra,* 271 Cal.App.2d 675, 695.)

 Utilizing these principles of interpretation, we hold that a discharged firefighter is an employee for the purpose of arbitrating a grievance under the MOU until the time his right to seek a rehearing from the chief engineer has expired. Here, the Department terminated Salas for violating

sections 13(a) and 13(d) of its rules and regulations of employment.[5] The MOU expressly defines a grievance "as any dispute concerning the interpretation or *application* . . . of departmental rules and regulations governing personnel practices or working conditions." (Italics added.) Salas challenged the application of sections 13(a) and 13(d) based on new evidence not available at the time of the original hearing, a right bestowed to him by City's charter. Application of the rules and regulations cannot occur outside the procedural framework established by the charter. Said another way, the right to a rehearing is inextricably intertwined with the application of the Department's employment rules. In sum, Salas's grievance that the Chief Engineer acted arbitrarily in denying him a rehearing falls well within the ample expanse of the arbitration clause.

### III. *Whether Respondent Is Entitled to an Award of Attorney's Fees Pursuant to Section 1021.5*

Section 1021.5 authorizes an award of attorney's fees when a successful party's action "has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. With respect to actions involving public entities, this section applies to allowances against, but not in favor of, public entities, and no claim shall be required to be filed therefor."

The record reveals that respondent sought attorney's fees in its pleadings to the trial court. However, according to a representation made by respondent's counsel at oral argument, appellants filed their notice of appeal before respondent had an opportunity to make a motion for an award. ■ Because a request for section 1021.5 attorney's fees is ancillary to the underlying action and may be made for the first time after the judgment becomes final (*Citizens Against Rent Control* v. *City of Berkeley* (1986) 181 Cal.App.3d 213, 226-227 [226 Cal.Rptr. 265]), we remand the matter to the trial court for its determination of whether such an award is appropriate in this case.

---

[5]Section 13 provides: "All members shall: a. Be governed by the ordinary and reasonable rules of behavior observed by law-abiding and self-respecting citizens, and no member shall commit any act tending to bring discredit upon the Department or its members. [¶] d. Conduct themselves in a manner which will not tend to impair the good order and discipline of the Department."

The judgment is affirmed. The matter is remanded to the trial court to consider respondent's request for attorney's fees.

Roth, P. J., and Gates, J., concurred.

Appellants' petition for review by the Supreme Court was denied August 28, 1991.