Filed 9/19/14  Guerra v. Aurora Loan Services CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JOE GUERRA,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>AURORA LOAN SERVICES, LLC,<br><br>　　Defendant and Appellant. | H038331<br>(Santa Clara County<br>Super. Ct. No. 1-11-CV215595) |

Aurora Loan Servicing, LLC (Aurora) appeals from a judgment confirming an arbitration award in favor of Joe Guerra.  Aurora contends that the trial court erred in granting the motion to compel arbitration.  We agree and reverse the judgment.

## I.  Procedural and Factual Background

On April 1, 2006, Raul Chairez and Guerra entered into an agreement entitled "LEASE AGREEMENT with OPTION TO PURCHASE & EXTEND" (agreement).  Pursuant to the agreement, Chairez rented the property at 15439 National Avenue in Los Gatos to Guerra.  Both parties lived at the property and Guerra was required to pay

$1,000 per month "in the form of cash or construction services" to Chairez. The agreement, which was in effect until April 1, 2014, contained an arbitration provision.[1]

In July or August 2007, Chairez obtained a loan of approximately $1.1 million by signing a note and a deed of trust. On July 30, 2007, Chairez notified Homecomings Financial, LLC of the agreement. The note and deed of trust encumbering the property were recorded on August, 15, 2007.

After Chairez defaulted on the loan in 2009, Aurora commenced nonjudicial foreclosure proceedings. Aurora was the winning bidder at the trustee's sale and took title to the property as the grantee of the trustee's deed of sale. When Aurora discovered that Guerra occupied the property, it brought an unlawful detainer action to recover possession. In defending that action, Guerra presented Aurora with the agreement. Aurora then dismissed its unlawful detainer action and served Guerra the 90-day notice as required by the Protecting Tenants at Foreclosure Act of 2009 (Pub.L. No. 111-22, div. A, tit. VII, §§ 702-704 (May 20, 2009) 123 Stat. 1660).

On January 19, 2010, Aurora filed a second complaint for unlawful detainer against Guerra. Guerra then brought a motion to compel arbitration, and Aurora opposed the motion.

_____

[1]    There are two versions of the agreement in the record. They are identical with the exception of part of the arbitration provision. Both arbitration provisions essentially state: "In the event any controversy or claim arising out of this agreement cannot be settled, such controversy or claim shall be settled by arbitration . . . [¶] and judgment upon the award may be entered in any court having jurisdiction thereof. And the prevailing party shall be awarded reasonable attorney's fees and court costs." However, one version states that "the arbitrator has been selected by mutual agreement of the parties and shall be LightSpeed Company." The other states that "the arbitrator will selected [*sic*] by mutual agreement of the parties. [¶] In the event that an agreement cannot be reached selecting a [*sic*] arbitrator, each party will have their attorney select a [*sic*] independent arbitrator."

On April 22, 2010, the trial court ordered the matter submitted for binding arbitration with "LightSpeed Arbitration," and stayed all further proceedings pending confirmation of the arbitration award.

In October 2010, the parties submitted their briefs to the arbitrator, Rudy Guzzetta. According to Guerra's verified petition to confirm the arbitration award, Aurora did not appear at the arbitration proceeding.

On March 9, 2011, the arbitrator ordered Aurora to grant deed the property to Guerra, to cancel its note to the property, and to request that the trustee reconvey the deed of trust. Guerra was also awarded $14,000 in attorney's fees. On the same day, the arbitration award was served on Aurora's counsel.

On December 23, 2011, Guerra filed a petition to confirm the arbitration award.

On March 13, 2012, Aurora filed opposition to Guerra's petition to confirm the arbitration award and requested vacation of the award under Code of Civil Procedure section 1286.2. Aurora argued: the arbitration provision was void *ab initio* under Civil Code section 1953 [arbitration provision in rental agreement is unenforceable as contrary to public policy]; the arbitrator failed to provide the required conflict of interests disclosures; the award was procured by means of fraud, corruption or undue means; and the arbitrator failed to continue the hearing. It also claimed that it had never received the arbitration award or letters from LightSpeed Company. Guerra filed a reply memorandum. He argued that the arbitration award was served on Aurora's counsel twice before the expiration of the 100-day period in which to challenge an arbitration award under Code of Civil Procedure section 1288, and disputed Aurora's history of the case and the accusations of fraud. Guerra also argued that Civil Code section 1953 was inapplicable.

On April 26, 2012, the trial court issued an order granting the petition to confirm the arbitration award. The trial court adopted its tentative ruling in which it found that Aurora had failed to file a timely petition to vacate the arbitration award under Code of

3

Civil Procedure section 1288. Judgment on the arbitration award was entered on May 3, 2012. On May 16, 2012, Aurora filed a notice of appeal.

## II. Discussion

### A. Timeliness of Notice of Appeal

Noting that his counsel had filed a notice of limited scope representation, Guerra contends that the failure to serve him personally with the notice of appeal renders it untimely and subject to dismissal. We disagree.

Guerra's counsel filed a notice of limited scope representation indicating that he would represent Guerra at the hearing on April 3, 2012, and any continuances of that hearing as well as until submission of the order after hearing.

California Rules of Court, rule 3.36(b)[2] states: "After the notice [of limited scope representation] in (a) is received and until either a substitution of attorney or an order to be relieved as attorney is filed and served, papers in the case must be served on both the attorney providing the limited scope representation and the client." Here, the notice of appeal was served on Guerra's counsel, but not on Guerra. However, rule 8.821(a)(3) states that the "[f]ailure to serve the notice of appeal neither prevents its filing nor affects its validity, but the appellant may be required to remedy the failure." Thus, any defect in the service of the notice of appeal is remedied by later corrective service, not dismissal of the appeal. Moreover, Guerra has failed to demonstrate prejudice. Aurora served its notice of appeal on his counsel, who is representing him on appeal. Guerra has not indicated that Aurora's failure to serve him personally affected his ability to protect his appellate rights. Accordingly, we reject Guerra's contention that the instant appeal must be dismissed as untimely.

---

[2]     Further references to rules are to the California Rules of Court.

Guerra's reliance on *Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428 (*Schwab*), *Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265 (*Palmer*), and *Lydon v. State Bar* (1988) 45 Cal.3d 1181 (*Lydon*) does not persuade us otherwise. None of these cases involved the validity of a notice of appeal. *Schwab* held that a plaintiff must serve a notice of damages on the defendant before taking a default. (*Schwab*, at p. 430.) *Palmer* held that service of a copy of the file-stamped judgment met the statutory requirement of service of written notice of entry of judgment. (*Palmer*, at p. 1267.) *Lydon* held that the State Bar met the statutory notice requirements. (*Lydon*, at p. 1186.)

### B. Subject Matter Jurisdiction

Aurora contends that the judgment should be reversed because the trial court erred in ordering the parties to submit to arbitration.

"The standard of review for an order on a petition to compel arbitration is either substantial evidence where the trial court's decision on arbitrability was based upon the resolution of disputed facts, or de novo where no conflicting extrinsic evidence was admitted in aid of interpretation of the arbitration agreement. [Citation.]" (*Hartnell Community College Dist. v. Superior Court* (2004) 124 Cal.App.4th 1443, 1448-1449.) In the present case, de novo review is appropriate because no extrinsic evidence was admitted on the interpretation of the arbitration agreement.

We also note that Aurora may challenge the order compelling arbitration in its appeal from the judgment confirming the arbitration award. As the court explained in *United Firefighters of Los Angeles v. City of Los Angeles* (1991) 231 Cal.App.3d 1576 (*United Firefighters*), "appellants are not appealing the correctness of the [arbitration] award. Rather, they are attacking the authority of the trial court to compel them to submit the matter to arbitration. An order to compel arbitration is an interlocutory order which is appealable only from the judgment confirming the arbitration award, or in certain exceptional situations is reviewable by writ of mandate. [Citations.] As Professor

5

Witkin has observed: 'A party does not waive his right to attack the order by proceeding to arbitration; the order is reviewable on appeal from a judgment confirming the award. [Citations.]' [Citation.]" (*Id.* at pp. 1581-1582.) Moreover, "[l]ike a constitutional provision or statute, the arbitration agreement confers subject matter jurisdiction on the trial court to order the parties to arbitration. Since an objection to subject matter jurisdiction may never be waived [citation], appellants can challenge on appeal whether the trial court erred by ordering [Aurora] to arbitration." (*Id.* at p. 1582.)

"The right to arbitration depends on a contract, and a party can be compelled to submit a dispute to arbitration only if the party has agreed in writing to do so. Arbitration is a favored method of resolving disputes, but the policy favoring arbitration does not eliminate the need for an agreement to arbitrate and does not extend to persons who are not parties to an agreement to arbitrate. [Citation.]" (*Matthau v. Superior Court* (2007) 151 Cal.App.4th 593, 598 (*Matthau*).)

Here, Guerra relied on his agreement with Chairez when he brought his motion to compel arbitration. Though the agreement contained an arbitration provision, Aurora was not a party to the agreement. Guerra does not identify any other writing in which Aurora agreed to submit any dispute with Guerra to arbitration.

"'There are exceptions to the general rule that a nonsignatory to an agreement cannot be compelled to arbitrate and cannot invoke an agreement to arbitrate, without being a party to the arbitration agreement.' [Citations.]" (*JSM Tuscany, LLC v. Superior Court* (2011) 193 Cal.App.4th 1222, 1236-1237.) One of these exceptions is "based on the existence of a relationship between the nonsignatory and the signatory, such as principal and agent or employer and employee, where a sufficient 'identity of interest' exists between them." (*Jones v. Jacobson* (2011) 195 Cal.App.4th 1, 18, fn. 9.) Other relationships that involve an identity of interest are those of the parent/child, husband/wife, decedent/heir, and a partnership. (*Matthau*, *supra*, 151 Cal.App.4th at p. 599.) However, these relationships are not similar to the lender/borrower relationship

6

between Aurora and Chairez. Arbitration agreements have also been enforced against a nonsignatory when "a benefit was conferred on the nonsignatory as a result of the contract, making the nonsignatory a third party beneficiary of the arbitration agreement." (*County of Contra Costa v. Kaiser Foundation Health Plan, Inc.* (1996) 47 Cal.App.4th 237, 242.) Aurora's title to the property was allegedly burdened by the agreement, and thus Aurora was not a third party beneficiary. Another exception to the general rule is based on the principles of equitable estoppel. Under these principles, a "'party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him. . . . [¶] A nonsignatory is estopped from refusing to comply with an arbitration clause "when it receives a 'direct benefit' from a contract containing an arbitration clause." [Citations.]' [Citation.]" (*Boucher v. Alliance Title Company* (2005) 127 Cal.App.4th 262, 269.) Here, Aurora's unlawful detainer action did not seek enforcement of any of the provisions in the agreement between Guerra and Chairez.

Guerra asserts that Aurora "never opposed the motion" to compel arbitration and it did not argue in its arbitration brief "that it should not be compelled to arbitration because it never signed the arbitration agreement." However, Guerra stated in his verified petition to confirm the arbitration award that Aurora "oppos[ed] the petition to compel arbitration." He also stated in his reply memorandum of points and authorities in support of his petition to confirm arbitration that "Aurora opposed this motion [to compel arbitration] with extensive submission." Even assuming that Aurora did not oppose the motion to compel arbitration or make this argument to the arbitrator, a party cannot waive subject matter jurisdiction. (*United Firefighters*, *supra*, 231 Cal.App.3d at p. 1582.)

In sum, since Aurora did not agree in writing to submit its unlawful detainer action to arbitration and the present case does not involve circumstances in which the arbitration provision was enforceable as to Aurora, the trial court erred in granting Guerra's motion

7

to compel arbitration.[3]  Accordingly, the judgment confirming the arbitration award is reversed.

## III.    Disposition

The judgment is reversed.  Aurora is awarded their costs on appeal.

---

[3]    Since we have concluded that the trial court did not have subject matter jurisdiction, we need not consider Aurora's contention that the arbitration provision was void under Civil Code section 1953.

_____

Mihara, J.

WE CONCUR:

_____

Elia, Acting P. J.

_____

Grover, J.