Filed 1/28/21  Bray v. Charter Communications, Inc. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| ANGELO BRAY, et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>CHARTER COMMUNICATIONS, INC., et al.,<br><br>    Defendants and Respondents. | B301182<br><br>(Los Angeles County<br>Super. Ct. No. BC721229) |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory W. Alarcon, Judge.  Dismissed.

Michael S. Traylor for Plaintiffs and Appellants.

Morgan, Lewis & Bockius, Thomas M. Peterson, Nicole L. Antonopoulos and Kathryn T. McGuigan for Defendants and Respondents.

—————————————

Plaintiffs Angelo Bray, Andrew Collins, Staci Janisse, Janene Skillern, and Jacqueline Wright purport to appeal from an order denying their motion to vacate and order compelling arbitration of their claims. Defendants move to dismiss the appeal and for sanctions. We conclude the order appealed from is nonappealable and dismiss the appeal. We deny the request for sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs sued their former employer Charter Communications, Inc., and one of their supervisors, Cecilia Munoz (collectively, Charter), alleging various employment-related causes of action. Included in their amended complaint, filed November 7, 2018, are claims for employment discrimination, retaliation, and harassment. (Gov. Code, § 12940 et seq.)

All five plaintiffs executed arbitration agreements as a condition of their employment with Charter (the Agreement).

Citing the Agreement, Charter moved to compel arbitration pursuant to Code of Civil Procedure section 1281.4 and stay all proceedings.[1]

The two-page Agreement provides: "By accepting employment with Charter, you and Charter . . . agree that any and all claims, disputes, and/or controversies between you and Charter arising from or related to your employment with Charter shall be submitted exclusively to and determined exclusively by binding arbitration . . . ." In bold, the Agreement further

---

[1] Subsequent undesignated statutory references are to the Code of Civil Procedure.

2

provides: "REPRESENTATIVE, COLLECTIVE, AND CLASS ACTION WAIVER: You and Charter understand, acknowledge and agree that the terms of this Agreement include a waiver of any rights that you or Charter may have to bring or participate in an action against each other on a representative, class, or collective basis and understand and agree that the arbitrator shall not be permitted to order consolidation of claims or a representative, class, or collective, arbitration."

On March 14, 2019, the trial court granted Charter's motion and stayed all proceedings pending the completion of arbitration.

On May 30, 2019, plaintiffs (and two nonparties to this suit) filed a consolidated demand for arbitration with the American Arbitration Association (AAA). The AAA declined to accept the demand citing the Agreement's "representative, collective, and class action waiver" clause.

Plaintiffs responded by filing a motion to vacate the trial court's order compelling arbitration on July 26, 2019. Plaintiffs cited sections 657 and 663 as the jurisdictional bases for their motion to vacate. Their motion also argued the trial court had jurisdiction under the "death knell" doctrine. Charter opposed the motion as premature because no judgment or final award had yet been entered by an arbitrator and the trial court had stayed the action.

The trial court denied plaintiffs' motion to vacate its order compelling arbitration. First, the court held sections 657 and 663 do not apply to an order granting a motion to compel arbitration because those sections "apply to judgments and verdicts." Second, the court held plaintiffs' attack on its order compelling arbitration was premature on the ground that an order

3

compelling arbitration is appealable only from the judgment confirming the arbitration award itself.

On September 20, 2019, plaintiffs filed a notice of appeal, purporting to appeal from the trial court's denial of their motion to vacate its previous order compelling arbitration.

On February 28, 2020, Charter moved this court to dismiss the instant appeal, and for the imposition of sanctions on the ground the appeal is frivolous.

## DISCUSSION

### A. Dismissal Is Appropriate as the Trial Court's Order Compelling Arbitration and Its Subsequent Order Denying Plaintiffs' Motion to Vacate Are Not Appealable

Plaintiffs argue the trial court erroneously held it did not have jurisdiction to vacate its order compelling arbitration because the plain text of sections 657 and 663 authorizes the court to do so. Plaintiffs also argue appellate jurisdiction is proper under the "death knell" doctrine. We disagree.

As an initial matter, we observe there is no valid dispute over whether plaintiffs could have appealed from the trial court's initial March 14, 2019, order compelling arbitration and staying proceedings. It is well established that "an order to compel arbitration is an interlocutory order which is appealable only from the judgment confirming the arbitration award and, in certain exceptional circumstances, by writ of mandate." (*Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454, citing *United Firefighters of Los Angeles v. City of Los Angeles* (1991) 231 Cal.App.3d 1576, 1581-1582; accord, *Ashburn v. AIG Financial Advisors, Inc.* (2015) 234 Cal.App.4th 79, 94; *Peleg v. Neiman Marcus Group, Inc.* (2012) 204 Cal.App.4th 1425, 1437-

4

1438; see also Code Civ. Proc., § 1294 [specifying grounds for appeal from orders concerning arbitration proceedings].)  "[N]o immediate, direct appeal lies from an order compelling arbitration."  (*Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 648; see also 9 Witkin, Cal. Procedure (5th ed. 2020) Appeal, § 140 ["Order Directing Arbitration: Not Appealable"].)[2]

In their opposition to Charter's motion for sanctions (discussed *post*), plaintiffs concede they had no right to appeal from the trial court's initial order compelling arbitration.  Yet, plaintiffs somehow believe they can manufacture jurisdiction to attack an order that has already stayed all proceedings by bringing a "motion to vacate" that order.  They offer three arguments in support.  All are meritless.

First, plaintiffs argue jurisdiction was proper for their "motion to vacate" under section 657.

Section 657 is entitled "Relief available on motion for new trial; causes; specification of grounds and reasons; new trial for insufficient evidence; manner of making and entering order;

---

[2] We decline to assume jurisdiction by exercising our discretion to treat this appeal as a petition for writ of mandate. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 398-401.)  First, other than two stray comments in their opening brief and in their opposition to Charter's motion to strike, plaintiffs do not explain why the circumstances of this case satisfy the criteria for treating a non-justiciable appeal as a writ.  Plaintiffs simply ask that we do so, in just a few sentences free of supporting legal authority. Second, plaintiffs have an adequate remedy in a direct appeal from the judgment.  (See *Mid-Wilshire Associates v. O'Leary*, *supra*, 7 Cal.App.4th at p. 1455 [declining to treat an appeal as a petition for writ of mandate for similar reasons].)

appeal." It provides that a "verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and *a new or further trial granted* on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party." (*Ibid.*, italics added.)

Plaintiffs believe this section confers jurisdiction to attack an order compelling arbitration because it states a motion brought under section 657 may be used to "modif[y] or vacate[ ]" "any other *decision*." (Italics added.) Section 657 provides seven grounds for relief, and plaintiffs claim four apply here: "[i]rregularity in the proceedings of the court, . . . by which [the] party . . . was prevented from having a fair trial"; "[a]ccident or surprise, which ordinary prudence could not have guarded against"; "[n]ewly discovered evidence"; and "[i]nsufficiency of the evidence to justify the verdict or other decision, or the verdict or other decision is against law." (*Ibid.*)

This argument ignores the plain text of section 657 and is offered without a scintilla of pertinent legal authority. "Under section 657 . . . a 'verdict may be vacated and any other decision may be modified or vacated' upon application for *a new trial* made by any 'party aggrieved.' " (*Ruiz v. Ruiz* (1980) 104 Cal.App.3d 374, 378, italics added.) "The decision is the rendition of judgment by the verdict of the jury or the signed and filed findings of fact and conclusions of law of the court." (*Ibid.*, fn. omitted.) "Until there has been a decision [following trial,] there is no aggrieved party." (*Ibid.*) Section 657 is facially inapplicable to this case because there has been and will be no trial in this matter, unless and until the Agreements are invalidated and any arbitration award not confirmed.

6

Second, plaintiffs argue the trial court had jurisdiction to consider their "motion to vacate" under section 663.

Section 663 is entitled "Setting aside judgment or decree; entry of new judgment; grounds." It provides that "[a] judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, *and another and different judgment entered*, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a *different judgment . . . ."* (*Ibid.*, italics added.)

Plaintiffs argue section 663 authorizes their "motion to vacate" because that section discusses relief from "[a] judgment *or decree."* (Italics added.) They appear to contend the trial court's order is a " 'decree,' " according to plaintiffs, that "falls within the purview of [section] 663." This is plaintiffs' entire argument. It is similarly unencumbered by citation to any supporting legal authority.[3]

This argument fails for the same reason as plaintiffs' section 657 argument: it ignores the text of section 663. Section 663 indeed applies to a "judgment or decree," but provides relief solely for the purpose of "entitling the party to a different *judgment."* (Italics added.) Here, there is no judgment, and no party is entitled to a different judgment at this stage of the proceedings. Accordingly, section 663 does not apply. (See *Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 203, italics

---

[3] We observe that it would have been within our discretion to strike plaintiffs' opening brief for their repeated failure to cite to pertinent legal authority. (See Cal. Rules of Court, rule 8.204(a)(1)(B) & (e)(2)(B).) We decline to do so, however, in order to expedite resolution of this matter.

added [stating that "[t]he procedure [under § 663] appertains *after rendition of a judgment* 'based upon a decision by the court, or the special verdict of a jury . . . .' [Citation.]  It is designed to enable speedy rectification of a judgment rendered upon erroneous application of the law to facts which have been found by the court or jury or which are otherwise uncontroverted"].)

Third, plaintiffs claim their "motion to vacate" was properly before the trial court, and that their appeal is properly before us, under the death knell doctrine.

"The death knell doctrine is a ' "tightly defined and narrow" ' exception to the one-final-judgment rule, which generally precludes piecemeal litigation through appeals from orders that dispose of less than an entire action.  [Citation.]" (*Williams v. Impax Laboratories., Inc.* (2019) 41 Cal.App.5th 1060, 1066.)  The doctrine applies when an order " 'effectively terminates the entire action as to [a] class.' " (*Ibid.*)  "The death knell doctrine permits the appellate court to review an order denying a motion to certify a class when it is unlikely the case will proceed as an individual action." (*Szetela v. Discover Bank* (2002) 97 Cal.App.4th 1094, 1098; see also *Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, 766 ["The death knell doctrine is applied to orders in class actions that effectively terminate class claims, such as orders denying class certification or decertifying a class, . . . while allowing individual claims to persist"], citing *In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 757, 762.)

Plaintiff's reliance on the death knell doctrine is not well founded.  The doctrine generally has not been applied outside of class action litigation or similar representative actions, and plaintiffs have not provided any legal authority demonstrating

that it should be extended to apply to the circumstances of the present case.[4]

Plaintiffs' real complaint appears to be that the AAA's refusal to accept arbitration of their consolidated claims against Charter leaves them "with no recourse to pursue their joint action." This is, in part, true: plaintiffs have waived their rights to proceed against Charter in any "collective" action, and the AAA is honoring that waiver. But it does not follow that plaintiffs cannot pursue their claims against Charter. In fact, the AAA explicitly indicated it would accept an arbitration demand if it were made by each plaintiff *individually*: "Should Claimants desire to proceed, we request that each claimant submit an individual demand for arbitration . . . ." Plaintiffs are therefore incorrect that the trial court's order compelling arbitration was the "functional equivalent of a 'death knell' " to their claims because plaintiffs may still arbitrate their claims on an individual plaintiff basis. (See *Nelsen v. Legacy Partners Residential, Inc.* (2012) 207 Cal.App.4th 1115, 1123, fn. omitted [appellate review under the death knell doctrine is applicable only when the appellant shows "the trial court's order makes it

---

[4] Plaintiffs' assertion that recent cases have expanded the death knell doctrine to matters other than class actions or representative claims is wholly unsupported by the cases they cite. (See *Williams v. Impax Laboratories, Inc.*, *supra*, 41 Cal.App.5th 1060 [addressing class action]; *Miranda v. Anderson Enterprises, Inc.* (2015) 241 Cal.App.4th 196 [addressing representative action under the Labor Code Private Attorneys General Act of 2004 (PAGA)]; *Munoz v. Chipotle Mexican Grill, Inc.* (2015) 238 Cal.App.4th 291 [addressing both class action and PAGA claims].)

impossible or impracticable for [the plaintiff] to proceed with the action at all"].) The fact that plaintiffs cannot pursue their claims in their preferred format of a multi-plaintiff suit is not the same as being left unable to pursue their claims against Charter at all.

Plaintiffs have appealed from a nonappealable order. As a consequence, we have no jurisdiction to consider the appeal and Charter's motion to dismiss must be granted. (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432).

## B.    Charter's Motion for Sanctions

Charter moves this court to impose sanctions on plaintiffs and their counsel for filing a frivolous appeal, citing California Rules of Court, rule 8.276(a)(1). This rule authorizes an appellate court to impose sanctions, including the award or denial of costs against a party or an attorney for "[t]aking a frivolous appeal or appealing solely to cause delay." (*Ibid*.) In addition, section 907 provides that "[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." An appeal is frivolous "when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—*or when it indisputably has no merit*— when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650, italics added; see also *Diaz v. Professional Community Management, Inc.* (2017) 16 Cal.App.5th 1190, 1216, citing *Flaherty*, *supra*, at p. 650.)

In opposition to Charter's motion, plaintiffs' counsel stressed that he was seeking a good faith extension of existing law by arguing the death knell doctrine should be extended to the

10

facts of this case.  While this argument did not meet with success, we do not find that it was frivolous or that the appeal was taken for purposes of delay.  Accordingly, we deny Charter's motion for sanctions.

## DISPOSITION

Charter's motion to dismiss is granted and the appeal is dismissed.  Charter is entitled to recover its costs on appeal.

NOT TO BE PUBLISHED


FEDERMAN, J.*


We concur:



CHANEY, J.



BENDIX, Acting P. J.


---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.